[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 360.]

ADAMSKY, APPELLANT, *v*. BUCKEYE LOCAL SCHOOL DISTRICT, APPELLEE.

[Cite as *Adamsky v. Buckeye Local School Dist.*, 1995-Ohio-298.]

*Schools—Tort liability—Statute of limitations—R.C. 2744.04(A) is unconstitutional as applied to minors.*

R.C. 2744.04(A) is unconstitutional as applied to minors as it violates Section 2, Article I of the Ohio Constitution.

(No. 94-811—Submitted May 9, 1995—Decided August 30, 1995.)

APPEAL from the Court of Appeals for Medina County, No. 2258-M.

———————————

{¶ 1} Appellant, Jennifer Adamsky, filed this personal injury action against appellee, Buckeye Local School District, two days before her twentieth birthday. Her complaint alleged that when she was fourteen, a volleyball base fell on her right foot during a clean-up activity in gym class and injured her toes.

{¶ 2} Appellee moved to dismiss the action, arguing that it was barred by the two-year statute of limitations contained in R.C. 2744.04(A). Appellant opposed the motion, asserting that the savings statute of R.C. 2305.16 applied, and she had until two years after she reached eighteen to file suit. Appellant also argued that to limit her action to a shorter time period would deny her due process of law under Section 16, Article I of the Ohio Constitution pursuant to *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 28 OBR 346, 503 N.E.2d 717. The trial court found the action was time-barred and dismissed the suit. The court of appeals affirmed.

{¶ 3} The cause is now before this court pursuant to the allowance of a discretionary appeal.

———————————

*Jeffrey W. Largent*, for appellant.

*Michael J. Spetrino*, for appellee.

*Casper & Casper* and *Michael R. Thomas*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

*Reinhart Law Office* and *Harry R. Reinhart*, urging reversal for *amicus curiae*, Keith N. Frazier.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 4} The sole issue before this court is whether R.C. 2744.04(A) is unconstitutional as applied to minors. For the following reasons, we hold that it is and, accordingly, reverse the judgment of the court of appeals.

{¶ 5} The Ohio General Assembly enacted R.C. 2744.04 in 1985 as part of the Political Subdivision Tort Liability Act. 141 Ohio Laws, Part I, 1699. Appellee, a school board, is a political subdivision included within this Act. R.C. 2744.01(F). The provision of the Act in question, R.C. 2744.04(A),[1] provides that an action against a political subdivision to recover damages for personal injury shall be brought within two years after the cause of action arose. It makes no mention of a tolling period for minors.

{¶ 6} Appellant challenges[2] this statutory provision on due process grounds, Section 16, Article I of the Ohio Constitution.[3] *Amici curiae* make the additional

---

1. R.C. 2744.04(A) reads as follows:

"An action against a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action arose, or within any applicable shorter period of time for bringing the action provided by the Revised Code. This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state."

2. Below, appellant argued that the disabilities statute contained within R.C. 2305.16 tolled the limitations period until the age of majority was reached. However, the lower courts correctly found that by its very terms, R.C. 2305.16 did not apply. R.C. 2305.16 makes specific mention of the statutes to which it applies, and R.C. 2744.04 is not one of them.

argument that the statute violates equal protection, Section 2, Article I of the Ohio Constitution.[4] While appellant's argument may have some merit, we find *amici*'s equal protection challenge dispositive of the case.

{¶ 7} We begin, of course, with the premise that legislative enactments are presumed constitutional. R.C. 1.47(A). However, this presumption is rebuttable. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St.142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus; *Schwan v. Riverside Methodist Hosp.* (1983), 6 Ohio St.3d 300, 6 OBR 361, 452 N.E.2d 1337. While the General Assembly also has the power to define the contours of the state's liability, it must operate within the confines of equal protection and due process. *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 355, 639 N.E.2d 31, 35.

{¶ 8} "[D]iscrimination against individuals or groups is sometimes an inevitable result of the operation of a statute." *Roseman v. Firemen & Policemen's Death Benefit Fund* (1993), 66 Ohio St.3d 443, 446, 613 N.E.2d 574, 577. "The mere fact that a statute discriminates does not mean that the statute must be unconstitutional." *Id.* at 446-447, 613 N.E.2d at 577.

{¶ 9} In determining whether a statute violates equal protection, we examine the class distinction drawn to decide if a suspect class or fundamental right is involved in order to determine what level of scrutiny to apply. *Id.* at 447, 613 N.E.2d at 577. The right to sue a political subdivision has been held not to be a

---

3. Section 16, Article I of the Ohio Constitution provides:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

4. Section 2, Article I of the Ohio Constitution provides:

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the General Assembly."

fundamental right. *Fabrey*, *supra*, 70 Ohio St.3d at 353, 639 N.E.2d at 33. Moreover, this case does not involve a suspect class which has been traditionally defined as one involving race, national origin, religion, or sex. *Id.* Therefore, rather than apply heightened scrutiny, we review the statute according to the "rational basis" test. Consequently, the statute must be upheld if it bears a rational relationship to a legitimate governmental interest. *Roseman*, *supra*, 66 Ohio St.3d at 447, 613 N.E.2d at 577. However, a statutory classification will be found to violate equal protection if it treats similarly situated people in a different manner based upon an illogical and arbitrary basis. *Morris v. Savoy* (1991), 61 Ohio St.3d 684, 711, 576 N.E.2d 765, 785, citing *State v. Buckley* (1968), 16 Ohio St.2d 128, 45 O.O.2d 469, 243 N.E.2d 66 (A.W. Sweeney, J., concurring in part and dissenting in part).

{¶ 10} One purpose of R.C. 2744.04(A) is to preserve the fiscal resources of the political subdivision. We recognize that preserving state money can sometimes be a rational reason for creating a particular classification. However, when preserving state money is accomplished by treating an individual in an arbitrary manner, it is not a rational reason to classify. *Roseman*, *supra*, 66 Ohio St.3d at 450, 613 N.E.2d at 579.

{¶ 11} In addition, R.C. 2744.04(A) is a statute of limitations. The goal of any general statute of limitations is to prevent plaintiffs from sleeping on their legal rights to the detriment of defendants. On its face, R.C. 2744.04(A) bears a real and substantial relationship to this goal. However, once applied to minors, it may satisfy this objective, but may also produce unfair results. "R.C. 2744.04(A) does not just limit stale claims brought by minors; it precludes most minors from bringing any claims against political subdivisions once they reach the age of majority." *Foster v. Cleveland Hts./University Hts. Bd. of Edn.* (Oct. 13, 1994), Cuyahoga App. No. 66852, unreported, 1994 WL 568325.

4

**{¶ 12}** Thus, R.C. 2744.04(A), as a provision of the Political Subdivision Tort Liability Act, creates a classification of all persons injured by torts committed by the state or a political subdivision and gives them a two-year period to bring suit. However, R.C. 2744.04(A) treats members of this class differently. Adults have the full two years after the cause of action accrued to bring suit, whereas some minors, by virtue of their lack of standing to bring suit before they reach majority, are barred from pursuing their claims.[5] We recognize, of course, that in the vast majority of cases, parents, guardians or a next friend, following the dictates of Civ.R. 17(B), will commence suit against a political subdivision on behalf of the minor before the statute of limitations has run. However, we can discern no rational reason to deny due process or the right to redress to those few children who, for whatever reason, did not have an action brought on their behalf within the two-year limitations period. This small group of minors has been selected for this disparate and more severe treatment more so than others who are within the same class. This disparity is irrational and violates equal protection principles, which demand that those situated in the same class receive equal treatment. While the General Assembly may provide for suits against political subdivisions and define the limitations, it may not arbitrarily and irrationally decide who the plaintiffs will be.

**{¶ 13}** Based on the foregoing, we hold that R.C. 2744.04(A) is unconstitutional as applied to minors as it violates Section 2, Article I of the Ohio Constitution. Therefore, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and HADLEY, JJ., CONCUR.

---

5. The law has traditionally recognized that minors lack the maturity to act intelligently with regard to their legal rights. Thus, we promulgated Civ.R. 17(B), which sets out how a suit may be brought on behalf of a minor.

WRIGHT, J., DISSENTS.

RONALD E. HADLEY, J., the Third Appellate District, sitting for Cook, J.

_____

**WRIGHT, J., dissenting.**

{¶ 14} After the trial court held that her lawsuit was barred by the two-year statute of limitations in R.C. 2744.04(A), Jennifer Adamsky appealed, arguing exclusively that R.C. 2744.04(A) violates the *Due Process Clause* under Section 16, Article I of the Ohio Constitution. The court of appeals affirmed. Adamsky appealed to this court, again arguing exclusively that R.C. 2744.04(A) is unconstitutional as a violation of Ohio's Due Process Clause. For whatever reason, the majority does not even address appellant's due process arguments. Instead, the majority decides the case on the grounds that R.C. 2744.04(A), as applied, violates Ohio's *Equal Protection Clause!*

{¶ 15} There is *no* reference to Section 2, Article I of the Ohio Constitution in any of the briefs in this case. The parties in this case *never* made an equal protection challenge to R.C. 2744.04(A). Even the Ohio Academy of Trial Lawyers and Keith Frazier, as *amici*, do not argue R.C. 2744.04(A) is unconstitutional under Section 2, Article I. Instead, they make an argument, raised for the first time in their combined *amici* brief, that R.C. 2744.04(A) violates the Equal Protection Clause under the Fourteenth Amendment to the United States Constitution.[6]

_____

6. The asserted reason for the Ohio Academy of Trial Lawyers and Keith Frazier joining as *amici curiae* in this case was to advance the constitutional argument raised in Frazier's case. The Frazier case also concerned an action against a school district that, although the minor's parents sued on his behalf, was determined to be time-barred under R.C. 2744.04(A). Unlike Adamsky, Frazier challenged the constitutionality of R.C. 2744.04(A) under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Although Frazier's analysis is partially vindicated by the majority's opinion, his is a Pyrrhic victory. That is because judgment for the school district in Frazier's case is *res judicata*. Although Frazier appealed his case to this court, case No. 94-1892, after he filed his *amicus* brief in this case, we dismissed his case because Frazier failed to timely file his merit brief. See 71 Ohio St.3d 1441, 643 N.E.2d 1152. We similarly denied his request to have his case held and the

**{¶ 16}** Putting aside the disturbing fact that an equal protection argument was never raised in this case, I am completely satisfied that the majority is incorrect in concluding that R.C. 2744.04(A) violates Section 2, Article I of the Ohio Constitution.

**{¶ 17}** The majority adopts *amici*'s argument that, as applied, R.C. 2744.04(A) discriminates between adults and persons under the age of eighteen. Specifically, the majority finds that, unlike adults who have two years in which to file their claim, children from the age of sixteen to eighteen have less than two years in which to file a claim and children under the age of sixteen have no opportunity to file a claim. This proposition has some facial attraction. However, on even this preliminary matter, the majority and I disagree. R.C. 2744.04(A) does not create a classification between minors and adults.[7]  Instead, the only significant classification created by R.C. 2744.04(A) is a classification based on the nature of the defendant, *i.e.*, whether the defendant is a political subdivision or a private entity. Where a private entity is the defendant, minors may take advantage of R.C. 2305.16 to toll their statute of limitations during their minority. However, where a political subdivision is the defendant, the tolling provision is simply not available. Therefore, stated more accurately, the equal protection argument against R.C. 2744.04(A) is that the statute is unconstitutional because, unlike minors who sue

---

dismissal stayed pending the resolution of the case before us. See 71 Ohio St.3d 1451, 644 N.E.2d 656.

Consequently, the majority reaches the extraordinary result of ignoring the arguments advanced by Adamsky, adopting the arguments pressed by Frazier, as *amicus*, and then rendering judgment for Adamsky, while at the same time judgment in the Frazier case remains in favor of the school board.

7. The actual classification is created by Civ.R. 17(B), which courts have read as providing that minors may not sue on their own behalf. See, *e.g.*, *Day v. Mac Donald* (1990), 67 Ohio App.3d 240, 586 N.E.2d 1135. See, also, R.C. 3109.01. Taken literally, the majority's focus on the classification between adults and minors would actually be an equal protection challenge to the classification created by Civ.R. 17(B).

private parties, minors who sue political subdivisions do *not* have their statute of limitations tolled during their minority.

{¶ 18} The majority correctly notes that this case involves neither a fundamental right nor a suspect class. As a result, the statute may be declared invalid on equal protection grounds only if the classifications it creates "bear no relation to the state's goals and *no ground can be conceived* to justify them." (Emphasis added.) *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 353, 639 N.E.2d 31, 33, citing *Clements v. Fashing* (1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.E.2d 508, 515. See, also, *Lyle Constr., Inc. v. Div. of Reclamation* (1987), 34 Ohio St.3d 22, 27, 516 N.E.2d 209, 213. The challenger must negate every conceivable basis that might support the statute in order for it to be held invalid. *Lyons v. Limbach* (1988), 40 Ohio St.3d 92, 94, 532 N.E.2d 106, 109.

{¶ 19} Applying this "rational basis" test, it is surely and abundantly clear that the legislature's decision not to provide a tolling provision for R.C. 2744.04 bears a rational relation to a proper governmental objective. As we have noted: "A primary purpose of R.C. Chapter 2744 is to preserve the fiscal resources of political subdivisions. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181, 182. The Supreme Court of the United States has declared that the preservation of fiscal integrity is a valid state interest. *Shapiro v. Thompson* (1969), 394 U.S. 618, 633, 89 S.Ct. 1322, 1330, 22 L.Ed.2d 600, 614." *Fabrey, supra,* 70 Ohio St.3d at 353, 639 N.E.2d at 33-34. There are at least two viable bases on which the legislature could have concluded that the lack of a tolling provision for R.C. 2744.04(A) furthers the legitimate goal of preserving the financial resources of political subdivisions. First, the legislature could have been concerned that there may be more claims against political subdivisions than private entities, given the size of political subdivisions and their oftentimes far-flung operations. Thus, with respect to political subdivisions, there would be both an increase in the burden of

investigating potential claims and the danger of stale claims. Second, the lack of a tolling provision advances the interest of preserving the financial resources of political subdivisions by allowing them to predict and to control their potential liabilities from year to year. Both of these are legitimate, rational reasons that are directly related to the absence of a tolling provision.[8]

{¶ 20} Further, the legislature's decision not to provide a tolling provision for R.C. 2744.04 also is hardly arbitrary or unreasonable in light of the fact that, although minors may not bring a lawsuit on their own behalf, a cause of action may be brought for them by their appointed representative, guardian *ad litem* or next friend. Civ.R. 17(B). In fact, the majority recognizes that "in the vast majority of cases" the claims of minors will be capably prosecuted through their representatives. Specifically, that is exactly the situation of Keith Frazier, an *amicus* in this case, whose parents sued on his behalf.

{¶ 21} As stated above, providing a tolling provision for R.C. 2744.04(A) would actually run contrary to the important governmental objective of protecting the fiscal resources of political subdivisions. Because a minor's claim may be prosecuted by a guardian before the minor reaches the age of majority, under R.C. 2744.04(A) minors already have two full years within which to assert their claims. If a tolling provision were applied, as the majority finds constitutionally required, minors would have more than two years within which to assert their claims. For example, under the majority opinion, a seven year old who is injured as a result of an act or omission by a political subdivision would have *eleven* years within which her guardian could prosecute a claim on her behalf. Then she would have *two more years* after she reached majority within which to prosecute her claim. In total, that

---

8. I am not alone in my belief that not providing a tolling provision in this context has a reasonable basis. The Supreme Court of Iowa in *Harden v. Iowa* (Iowa 1989), 434 N.W.2d 881, certiorari denied (1989), 493 U.S. 869, 110 S.Ct. 194, 107 L.Ed.2d 149, reached an identical result with respect to its statute of limitations governing actions against the state. The *Harden* court upheld its provision under a similar equal protection, as well as a due process, attack.

minor would now have *thirteen* years within which to bring suit. Such a result is surely contrary to the legislature's valid attempt to set reasonable limits on the amount of time within which a political subdivision is vulnerable to suit.

{¶ 22} As the above analysis makes clear, the General Assembly acted rationally and in furtherance of a legitimate governmental interest when it relied upon the integrity and vigilance of parents, guardians and next friends in declining to provide a tolling provision for R.C. 2744.04(A). The majority's adoption of an argument raised for the first time to this court by *amici* to strike down R.C. 2744.04(A) as unconstitutional strikes a blow against the legislature's legitimate attempt to set reasonable time limits on the liability of political subdivisions. However, the effect of the majority opinion does not stop there. Indeed, by declaring a statute of limitations unconstitutional because it does not include a tolling provision, the court has taken a significant step towards making tolling provisions constitutionally mandated for all statutes of limitations.

{¶ 23} For the foregoing reasons, I respectfully dissent.

_____