Douglas, J.
Appellant’s weekly award of $33.11 was based upon R.C. 4127.04, which provides:
“The basis upon which compensation or benefits shall be computed, is the amount of work-relief which would have been afforded to the injured person for the calendar week in which the injury or death occurred. In no event shall such compensation exceed the maximum reimbursement relief award established by the state which the claimant would have been entitled to had he not been injured.”
Appellant claims that her award should not have been based upon R.C. 4127.04, but, rather, former R.C. 4123.59(B), which provided:
“In case an injury to or an occupational disease contracted by an employee causes his death, benefits shall be in the amount and to the persons following:
“ * * *
“(B) If there are wholly dependent persons at the time of the death, the weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage, but not to exceed a maximum aggregate amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide average *203 weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and not in any event less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, regardless of the average weekly wage * * [2] (Emphasis added.) 136 Ohio Laws, Part I, 1167.
In support of her position that her weekly death benefit award should have been based upon R.C. 4123.59(B), appellant relies, inter alia, on R.C. 4127.03 and 4127.13. Former R.C. 4127.03, 1953 H.B. No. 1, provided, in part, that “[e]very work-relief employee who sustains an injury and the dependents of such as are killed, in the course of and arising out of employment, * * * shall be entitled to receive out of the public work-relief employees’ compensation fund, compensation [and] death benefits * * * for loss sustained on account of such injury or death, as is provided for by sections 4123.01 to 4123.94, inclusive, of the Revised Code.” (Emphasis added.) Relying on this italicized language, appellant points out that R.C. 4123.59(B) falls within R.C. Chapter 4123 and, therefore, she is entitled to at least fifty percent of the statewide average weekly wage.
Further, former R.C. 4127.13, 137 Ohio Laws, Part II, 3964, provided that “[sjections 4123.01 to 4123.94, except sections 4123.519, 4123.62, and 4123.64, apply to sections 4127.01 to 4127.14, of the Revised Code.” Appellant contends that because R.C. 4127.13 does not specifically exclude R.C. 4123.59 from applying to R.C. Chapter 4127, the General Assembly intended that R.C. 4123.59(B) govern the amount of benefits available to dependent persons of work-relief employees.
At first glance, appellant’s statutory arguments regarding R.C. 4127.03 and 4127.13 appear to have some merit. Appellant’s position is arguable given the general policy of workers’ compensation legislation, which requires a liberal construction of such laws. See R.C. 4123.95.[3] 3 However, it is apparent that the General Assembly, in enacting R.C. Chapter 4127 and, particularly, R.C. 4127.04, intended to establish a separate method for determining benefits for work-relief employees and their dependents. The last paragraph of R.C. 4127.03 provided that “[a]ll compensation payable under sections 4127.01 to 4127.14, inclusive, of the Revised Code, shall be paid on the basis of computation provided for in such sections.” Further, R.C. 4127.13 specifically excludes from application to work-relief claims the foundational statute (R.C. 4123.62[C]) for calculating benefits under R.C. 4123.59(B). Hence, it is evident that the General Assembly intended *204 that R.C. 4127.04 be the applicable statute when determining awards to work-relief employees and their dependents.
Appellant also contends that even if we conclude that the commission’s interpretation of R.C. 4127.04 was proper, its classification scheme, which treats dependents of work-relief employees differently from dependents of non-work-relief employees, violates the Equal Protection Clauses of both the Ohio and United States Constitutions. We agree. R.C. 4127.04 clearly violates appellant’s right to equal protection of the laws. R.C. 4127.04 also contravenes the public policy which prompted Ohio’s system of workers’ compensation legislation and defeats the purpose of Section 35, Article II of the Ohio Constitution.
In considering appellant’s constitutional claim, we are mindful of the fundamental principle that legislative enactments are presumed constitutional. Adamsky v. Buckeye Local School Dist. (1995), 73 Ohio St.3d 360, 361, 653 N.E.2d 212, 214; State v. Gill (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, 1201; and Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163, 166. We are also aware that “discrimination against individuals or groups is sometimes an inevitable result of the operation of a statute. The mere fact that a statute discriminates does not mean that the statute must be unconstitutional.” Roseman v. Firemen & Policemen’s Death Benefit Fund (1993), 66 Ohio St.3d 443, 446-447, 613 N.E.2d 574, 577. See, also, Adamsky, supra, 73 Ohio St.3d at 362, 653 N.E.2d at 214. However, all laws, including legislation involving workers’ compensation, are subject to the limitations imposed by the Equal Protection Clauses of the United States and Ohio Constitutions. See Kinney v. Kaiser Aluminum & Chem. Corp. (1975), 41 Ohio St.2d 120, 122, 70 O.O.2d 206, 207-208, 322 N.E.2d 880, 882, fn. 2.
The Fourteenth Amendment to the United States Constitution provides, in part, that “[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws.” Similarly, Section 2, Article I of the Ohio Constitution states that “[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have a right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the general assembly.”
These constitutional guarantees require that all similarly situated individuals be treated in a similar manner. State ex rel. Doersam v. Indus. Comm. (1989), 45 Ohio St.3d 115, 119, 543 N.E.2d 1169, 1173. In other words, laws are to operate equally upon persons who are identified in the same class.
Ohio’s system of compensating employees and their dependents is predicated upon Section 35, Article II of the Ohio Constitution. This provision establishes *205 that one objective of such a system is to compensate “workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment.” (Emphasis added.) Clearly, R.C. 4127.04 and 4123.59 were enacted to fulfill this objective of compensating employees and their dependents.
Appellant’s decedent was a “work-relief employee” as defined in R.C. 4127.01(A), and his death occurred as a result of a disease contracted in the course of his employment. Further, R.C. 4123.01(A)(1)(a) defines “employee” to include “[ejvery person in the service of the state, or of any county, municipal corporation, township, or school district therein.” Appellant’s decedent was thus an “employee” for purposes of receiving compensation due. See Indus. Comm. v. McWhorter (1934), 129 Ohio St. 40, 1 O.O. 353, 193 N.E. 620, syllabus.[4] Notwithstanding, appellant was awarded a weekly benefit of $33.11, as a dependent of a work-relief employee, which was far below the minimum benefit available to dependents of non-work-relief employees set forth in R.C. 4123.59(B).
In State ex rel. Nyitray v. Indus. Comm. (1983), 2 Ohio St.3d 173, 176, 2 OBR 715, 717, 443 N.E.2d 962, 965, relying on Kinney, supra, we noted that legislation could survive constitutional scrutiny if the statute at issue were “rationally related to the accomplishment of some state objective at least as important as the purpose contained in the Constitution [Section 35, Article II] and reflected in the statute.” In Doersam, 45 Ohio St.3d at 120, 543 N.E.2d at 1174, we stated that “a classification of persons will not be suspect when the law establishing the classification relates to a legitimate governmental purpose. If the means employed by the law to achieve its ends is the classification of persons who are accorded differing benefits or assessed differing burdens, the law will be tested under the equal protection guarantee. If the classification does not meet or does not have a sufficient relationship to a required governmental purpose, then the law cannot withstand scrutiny under the Equal Protection Clause.” We noted further that “ ‘[e]qual protection of the laws requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class.’ ” Id., quoting Nyitray, 2 Ohio St.3d at 175, 2 OBR at 717, 443 N.E.2d at 964.
*206 R.C. 4127.04 creates a separate classification of dependent persons based only on the status of the employee. The statute does not treat similarly situated persons — all employees and their dependents — in a similar manner. Thus, we must determine whether this disparate treatment is based upon “any legitimate governmental purpose. If it was, then the legislation meets constitutional muster. If not, then a violation of equal protection must be found.” Doersam, 45 Ohio St.3d at 120, 543 N.E.2d at 1174.
The Public Works Relief Compensation Act (R.C. Chapter 4127) was originally enacted as emergency legislation “necessary for the immediate preservation of the public peace, health and safety.” Section 17, Am.Sub.H.B. No. 495, 116 Ohio Laws, Part I, 212, 217. Section 17 also provided that “[t]he reason for such necessity lies in the fact that it has become immediately necessary to provide a separate system of compensation for public work-relief employes and their dependents, due to the fact that considerations arise with respect to the hazards of employment and injuries of such employes which do not apply to the other employes mentioned in the workmen’s compensation law of Ohio, and also because of the fact that this class of employment was neither foreseen nor contemplated by the legislature in originally framing the workmen’s compensation law of Ohio, and there has been accordingly an unexpected increased burden placed upon the state insurance fund in compensating such employes out of that fund.” 116 Ohio Laws at 217-218.
However, this court has previously rejected classifications in legislation to ensure the financial security of the workers’ compensation insurance fund. See Doersam, 45 Ohio St.3d at 120, 543 N.E.2d at 1174. In fact, we have specifically held that “ ‘conserving funds is not a viable basis for denying compensation to those entitled to it.’ ” Id. at 121, 543 N.E.2d at 1174, quoting Nyitray, supra, 2 Ohio St.3d at 177, 2 OBR at 719, 443 N.E.2d at 966. Moreover, it escapes us how the classifications created by R.C. 4127.04 tend to further the “health, peace, morals, education or the good order of the people. Nor do the classifications increase the industry of the state, develop our resources, or add to the state’s wealth or prosperity.” Doersam, 45 Ohio St.3d at 121, 543 N.E.2d at 1174.
The court of appeals held that R.C. 4127.04 is rationally related to a legitimate government objective. Specifically, the court of appeals adopted the referee’s finding that “different social and economic goals” justified the disparate treatment .afforded employees and their dependents under R.C. 4127.04. While the court of appeals did not expand on this statement, we take it to mean that providing lesser benefits to dependents of a deceased employee who engaged in work relief would somehow discourage reliance on public assistance. We cannot accept this argument as being a rational basis for such blatant disparate treatment.
*207 R.C. 4127.04 treats those who are less fortunate, simply because they are less fortunate, differently from others similarly situated. Appellant’s decedent was an employee. He was working in accordance with the requirements to receive public assistance. He contracted a disease as part of that employment, and died as a result of the disease. Appellant’s widow should be afforded the protection that other widows of other deceased injured employees receive. In this regard, we view R.C. 4127.04 as. inherently unfair and contrary to the purpose of compensating employees and dependents stated in Section 35, Article II of the Ohio Constitution. See, e.g., Nyitray, 2 Ohio St.3d at 175-176, 2 OBR at 717, 443 N.E.2d at 964-965.
The arbitrary nature of R.C. 4127.04 can best be illustrated by an example which considers the minimum award available to non-work-relief dependents, regardless of the employee’s weekly wage. For instance, if appellant’s decedent had been engaged the week preceding his death in non-work-relief employment paying a weekly wage of $33.11, appellant would not have been limited to a weekly death benefit of $33.11. Rather, appellant would have been entitled to a benefit equal to fifty percent of the statewide average weekly wage, according to R.C. 4123.59(B), which is considerably greater than $33.11. See R.C. 4123.62(C). We can conceive of no reasonable justification for such disparate treatment between work-relief employees and non-work-relief employees.
The classification created by R.C. 4127.04 is not rationally related to a legitimate government objective. “Clearly, the workers’ compensation system is designed to aid workers and their dependents and not intended to penalize victims by denying compensation where due.” Nyitray, 2 Ohio St.3d at 178, 2 OBR at 719, 443 N.E.2d at 966. As was eloquently stated by Judge Wilkin in McWhorter, supra, 129 Ohio St. at 46, 1 O.O. at 355-356, 193 N.E. at 622:
“It seems to this court more in harmony with the spirit of work-relief legislation to hold the claimant to be an employee than to hold him to be a pauper or ward. A sound public policy prompts the efforts of the state to preserve the self-reliance of its citizens, even if at extra expense. It is as important to preserve the character as to preserve the lives of its citizens. ‘Ill fares the land * * * where wealth accumulates and men decay.’ ”
Accordingly, we hold that R.C. 4127.04 unjustifiably discriminates against dependents of work-relief employees by preventing such dependents from receiving the same benefits as dependents of other employees whose death is caused by a work-related injury or disease. Therefore, R.C. 4127.04 violates the Equal Protection Clauses of the Ohio and United States Constitutions.
For the foregoing reasons, the judgment of the court of appeals denying appellant’s writ of mandamus is reversed, and the commission is ordered to determine appellant’s benefits in accordance with this decision. Appellant is a *208 dependent person of a decedent whose injury and subsequent death were caused by a work-related disease, and, therefore, she is entitled to the minimum benefit set forth in R.C. 4123.59(B).

Judgment reversed and writ granted.

Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Pfeifer, J., concurs separately.
Moyer, C.J., Cook and Stratton, JJ., dissent.

. There has been no substantive change to the quoted portion of this version of the statute, or to the portions of former versions of other statutes quoted in this opinion.

. R.C. 4123.95 provides that “[sjections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees.”

. In Indus. Comm. v. McWhorter (1934), 129 Ohio St. 40, 1 O.O. 353, 193 N.E. 620, syllabus, this court held:
“One who applies to a municipality for relief and is given the opportunity, and required, to work for the support which he is to receive, and who, in response to such opportunity and requirement, works in one of the municipal departments which employs labor, under the direction of a municipal foreman, at a regular’ daily wage, payable alternately in groceries and in cash, is in the service and is an employee of the municipality within the meaning of Section 1465-61 of the General Code; and if he sustains an injury while engaged in such work, is entitled to the benefits of Workmen’s Compensation Law.”