This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Rudolph Vincer appeals from the decision of the Lorain County Court of Common Pleas, denying his motion for judicial release under R.C. 2929.20. We affirm.
After being bound over by the Lorain County Juvenile Court, Vincer was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a second degree felony. Vincer initially pleaded not guilty, but later changed his plea to guilty. On September 24, 1997, the Lorain County Court of Common Pleas sentenced Vincer to a five year prison term, pursuant to R.C. 2929.14(A)(2).
On April 8, 1998, Vincer moved for judicial release under R.C. 2929.20. The state opposed the motion. The trial court initially denied the motion on the merits. However, on April 27, 1998, the trial court, apparently sua sponte, reconsidered the denial of Vincer's motion and stated that it should not have considered the merits of the motion. The trial court found that because Vincer's sentence was for five or more years but less than ten years, Vincer was not eligible to file a motion for judicial release until after he had served five years of his prison term. On that basis, the trial court again denied the motion. This appeal followed.
Vincer asserts one assignment of error:
 The trial court erred, and to the prejudice of appellant, by holding that under R.C. 2929.29(B)(3) [sic] appellant must serve his entire sentence of five years of incarceration before filing his motion for judicial release, though appellant is eligible for judicial release under R.C. 2929.20(A)(1)(a) and is permitted under R.C. 2929.29(B)(2) [sic] to file his motion for judicial release after serving 180 days.
 Vincer argues that R.C. 2929.20(B)(3) is unconstitutional. He contends that the statute violates equal protection by making an unconstitutional distinction between an offender with a prison term of four years or less and an offender with a prison term of exactly five years, such as himself.[1]
We disagree.
"The standard for determining violations of equal protection is essentially the same under state and federal law. Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups." (Citations omitted.) Fabrey v.McDonald Police Dept. (1994), 70 Ohio St.3d 351, 353. "[T]he statute must be upheld if it bears a rational relationship to a legitimate governmental interest." Adamsky v. Buckeye LocalSchool Dist. (1995), 73 Ohio St.3d 360, 362. A statute is presumed constitutional and will be declared invalid only if the challenging party demonstrates beyond a reasonable doubt that the statute violates a constitutional provision. Desenco, Inc. v.Akron (1999), 84 Ohio St.3d 535, 538.
Am.Sub.S.B. No. 2 ("Senate Bill 2") became effective on July 1, 1996. Touted as a "truth in sentencing" measure, Senate Bill 2 made sweeping changes to Ohio's sentencing statutes. A provision for the early release of certain prisoners from incarceration was codified in R.C. 2929.20. The statute permits a sentencing court to reduce the stated prison term of an "eligible offender." R.C.2929.20(B). One type of eligible offender is "[a] person who has been convicted of or pleaded guilty to a felony, who is serving a stated prison term of ten years or less, and who is not serving a mandatory prison term." R.C. 2929.20(A)(1)(a). This action may be done on the court's own motion or upon the eligible offender filing a motion for judicial release. R.C. 2929.20(B). The statute also sets the timing for the filing of a motion for judicial release, stating in relevant part:
 An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
* * *
 (2) Except as otherwise provided in division (B)(3) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender shall file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
 (3) If the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term.
 R.C. 2929.20(B)(2) and (3). The practical application is such that if a prisoner is sentenced to a prison term of five years, he may be precluded from filing a motion for judicial release because he probably will have served his prison term completely before he is permitted to file the motion.
Because R.C. 2929.20(B)(3) does not implicate a fundamental right or a suspect class, and Vincer has not argued otherwise, we review the statute under the rational basis standard. Vincer argues that R.C. 2929.20(B)(3) violates equal protection because it creates a class of prisoners who will never be eligible to file a motion for judicial release: those persons sentenced to a five-year prison term. He contends that the statute is not rationally related to the legitimate state interests listed in R.C. 2929.11(A) as the "overriding purposes of felony sentencing": "protect[ing] the public from future crime by the offender and others" and "punish[ing] the offender."
In analyzing Vincer's contentions, we turn to the overall sentencing scheme enacted under Senate Bill 2. R.C. 2929.20(B)(3) only applies to persons convicted of felonies of the first, second, or third degree. R.C. 2929.20(B)(2). R.C. 2929.14(A) sets forth the sentences that a trial court may impose upon an offender convicted of a felony of the first, second, or third degree:
 (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 R.C. 2929.14(B) requires that, if an offender has not previously served a prison term, the trial court must impose the minimum sentence on the offender unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Furthermore, a sentencing court may only impose the maximum prison term "upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." R.C. 2929.14(C).
From these statutory provisions, we discern that the Ohio General Assembly has concluded that a prison term of five years reflects a serious violation of Ohio's criminal code. In order for an offender to receive more than a minimum sentence, the offender must either have already been to prison once before or must meet one of the two criteria listed in R.C. 2929.14(B), which would occur in more serious offenses. Furthermore, with respect to a third degree felony, a five year sentence — the maximum possible sentence — may only be imposed upon those who either have committed serious crimes in the past or are most likely to commit crimes in the future. Each of these findings is significant and indicates a need to keep an offender incarcerated for a longer period of time.
We conclude that the distinction created by R.C.2929.20(B)(3) withstands constitutional scrutiny. With regard to judicial release, the Ohio General Assembly has determined that any sentence of five years or greater reflects punishment for a serious crime and is of such gravity that those offenders who are subject to R.C. 2929.20(B)(3) should serve at least five years of their sentences before they may be permitted to petition the sentencing court for judicial release. This distinction is rationally related to the state's legitimate governmental interests as stated in R.C. 2929.11(A), protecting the public and punishing the offender.
We also observe that, in some cases, the issue will not be mooted for prisoners in circumstances similar to that of Vincer. Under R.C. 2967.11(A) and (B), the parole board may impose additional periods of incarceration, or "bad time," in increments of fifteen, thirty, sixty, or ninety days if a prisoner commits an act that would be a criminal offense under the laws of Ohio or the United States. Bad time can extend a prisoner's stated prison term for up to one-half of the duration of the prison term. R.C.2967.11(B). If an offender who receives a five year prison term also receives any amount of "bad time," his term will be extended at least fifteen days beyond that time. Thus, the prisoner would still be incarcerated but now would be permitted to file a motion for judicial release.
Vincer has not demonstrated beyond a reasonable doubt that R.C. 2929.20(B)(3) is unconstitutional. Therefore, the trial court did not err by applying R.C. 2929.20(B)(3) to Vincer and denying his motion for judicial release on that basis. Vincer's sole assignment of error is overruled.
Vincer's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, P.J.
SLABY, J.
CONCUR
[1] Vincer does not specifically identify what constitutional provisions are violated by R.C. 2929.20(B)(3). Instead, he argues that the statute is "arbitrary and unreasonable and, therefore, unconstitutional." We construe his argument as one touching the Equal Protection Clause of the United States Constitution.