OPINION
Plaintiff-appellant Leonard J. Bailey appeals the February 25, 1999 Judgment Entry of the Stark County Court of Common Pleas granting defendant-appellee Republic Engineered Steels, Inc.'s Motion to Dismiss, and dismissing his Complaint with prejudice.
 STATEMENT OF THE FACTS AND CASE
In May, 1996, appellant was employed by appellee Republic Engineered Steels, Inc. (hereinafter "Republic"). While operating a tow motor at the Republic facility on May 15, 1996, appellant accidently ran over a coworker, who was killed as a result. Appellant has suffered from and has received treatment for psychological and psychiatric conditions, including depression, since the accident. Subsequent to the accident, appellant filed an application with the Administrator of the Bureau of Workers' Compensation and the Industrial Commission of Ohio, seeking to participate in the Workers' Compensation Fund for the condition of "severe depression" arising out of the May 15, 1996 accident. The District Hearing Officer disallowed the claim, finding appellant did not sustain an injury or contract an occupational disease in the course of and/or arising out of his employment with Republic. Appellant appealed the decision. After conducting a hearing, the Staff Hearing Officer affirmed the District Hearing Officer's decision. The Industrial Commission refused further appeal. On December 4, 1998, appellant filed a Notice of Appeal pursuant to R.C. 4123.512 and a Complaint in the Stark County Court of Common Pleas. Republic filed a Civ.R. 12(B)(6) motion to dismiss. Via Judgment Entry dated February 25, 1999, the trial court granted Republic's motion and dismissed appellant's Complaint, finding purely psychiatric conditions are not included within the definition of "injury" set forth in R.C. 4123.01(C)(1); therefore, appellant does not have a compensable injury under the Ohio Workers' Compensation Act. The trial court further found R.C.4123.01(C) to be constitutional. It is from this Judgment Entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED BY HOLDING THAT R.C. 4123.01(D)(1) DOES NOT VIOLATE THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED BY HOLDING THAT R.C. 4123.01(D)(1) DOES NOT VIOLATE ARTICLE II, 35 OF THE OHIO CONSTITUTION.
 STANDARD OF REVIEW
In reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss, we must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie Dept. of Human Resources (1995), 106 Ohio App.3d 88, 91. We need not defer to the trial court's decision. Id. The Rich court described when a Civ.R. 12(B)(6) motion may be granted: In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (Citations omitted). * * * [We] must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. (Citation omitted).
Id.
 I, II
Because appellant's assignments of error are interrelated, we shall address said assignments together. In his first assignment of error, appellant challenges the trial court's finding R.C.4123.01(C)(1) does not violate the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. In his second assignment of error, appellant takes issue with the trial court's finding the statute does not violate Article II, Section 35 of the Ohio Constitution. R.C. 4123.01(C)(1), the statute at issue herein, provides: "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:
(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease;
(Emphasis added).
Accepting the facts as alleged in appellant's Complaint to be true, the record establishes appellant suffered "severe depression" as a result of his accidently killing a coworker while in the course and scope of his employment with Republic. Traditionally, appellate courts interpreting R.C. 4123.01(C)(1) have concluded the statute applies only to psychiatric conditions arising from a compensable injury to or occupational disease suffered by the claimant himself. See, e.g., Chrisulis v. U.S.X. Corp. (June 29, 2994), Lorain App. Nos. 93CA005599 and 93CA00518, unreported; Fields v. City of Youngstown (May 30, 1989), Mahoning App. No. 88 C.A. 89, unreported; Neil v. Mayfield (July 22, 1988), Montgomery App. No. 10881, unreported; and Zaricki v. Laco Die Casting Co. (July 8, 1982), Cuyahoga App. No. 44254, unreported. We believe such an interpretation embodies the likely intent of the Legislature. Furthermore, we note the parties to this action base their respective arguments on such an interpretation. However, for the reasons which follow, we reject this interpretation. We will begin with an analysis of the constitutionality of R.C. 4123.01(C)(1), followed by a discussion of our interpretation of the statute. We are mindful of the fundamental principle all legislative enactments are presumed constitutional. Adamsky v. Buckeye Local Sch. Dist. (1995),73 Ohio St.3d 360, 361. We are also aware "discrimination against individuals or groups is sometimes an inevitable result of the operation of a statute." Roseman v. Firemen Policemen's Death Benefits Fund (1993), 66 Ohio St.3d 443, 446. "The mere fact that a statute discriminates does not mean that the statute must be unconstitutional." Id. at 446-447. "However, all laws, including legislation involving workers' compensation, are subject to the limitations imposed by the Equal Protection Clauses of the United States and Ohio Constitutions." State ex rel. Patterson v. Industrial Comm'n (1996), 77 Ohio St.3d 201, 204. (Citation omitted). The guarantees of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution require all similarly situated individuals subject to legislation be treated in a similar manner. State ex rel. Doersam v. Industrial Comm'n (1989), 45 Ohio St.3d 115, 119. (Citation omitted). Equal protection of the laws also requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class. State v. Buckley (1968), 16 Ohio St.2d 128, paragraph 3 of syllabus. "The `reasonableness' of a statutory classification is dependant upon the purpose of the Act." State ex rel. Nyitray v. Industrial Comm'n (1983), 2 Ohio St.3d 173, 175. (Citations omitted). In Nyitray, supra, the Ohio Supreme Court explained the purpose of the Workers' Compensation Act. The Nyitray Court stated, "Ohio's workers' compensation system is predicated upon Section 35, Article II of the Ohio Constitution, which states that the purpose of workers' compensation is to compensate `workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment * * *'." Id. Clearly, the purpose of R.C. Chapter 4123, including R.C.4123.01(C)(1), is to fulfill these objectives. However, the statutory classification which exists in R.C. 4123.01(C)(1), as interpreted by other appellate districts and likely as intended by the Legislature, precludes compensation to the class represented by appellant — employees who suffer psychiatric conditions not arising from a compensable injury to or occupational disease suffered by that employee — while allowing compensation to employees who suffer psychiatric conditions arising from a compensable injury to or occupational disease suffered by that employee. Relying on Kinney v. Kaiser Aluminum Chemical Corp. (1975), 41 Ohio St.2d 120, 124, the Nyitray Court noted "legislation could be upheld if it was shown that the statutory prerequisites were rationally related to the accomplishment of some state objective at least as important as the purpose contained in [Section 35, Article II of the Ohio] Constitution * * * and reflected in the statute." Id. at 176. "[A] classification of persons will not be suspect when the law establishing the classification relates to a legitimate governmental purpose." Doersam, supra at 120. Because R.C. 4123.01(C)(1), as interpreted, creates a separate classification of employees based solely upon whether the psychiatric condition arises from a compensable injury to or occupational disease suffered by the employee, "[t]he statute does not treat similarly situated persons — all employees [who suffer work related psychiatric conditions] * * * — in a similar manner." Patterson, supra at 206. (Emphasis added). "Thus, we must determine whether this disparate treatment is based upon `any legitimate governmental purpose. If it was, then the legislation meets constitutional muster. If not, then a violation of equal protection must be found'." Id. (Citation omitted). In its Brief to this Court, Republic relies upon a number of unreported decisions from other districts in which the rational basis test was applied to equal protection challenges to the denial of workers' compensation benefits to claimants with work related psychiatric conditions. In each case, the Courts of Appeals found: (1) the state has a legitimate interest in maintaining the self-supporting nature of its Workers' Compensation Fund; (2) the state has a legitimate interest in distributing the available resources to the disabilities determined by the state to be covered rather than to cover all disabilities inadequately; and (3) the state has a legitimate interest in maintaining a contribution rate at a level that will not unduly burden participating employers. (Citation omitted).
See, Chrisulis v. U.S.X. Corp., supra; Fields v. City of Youngstown, supra; Neil v. Mayfield, supra; and Zaricki v. Laco Die Casting Co., supra. We find the "legitimate" governmental interests found by other appellate districts to be predicated solely upon economic or cost-based reasons. Thus, "it would appear that the only reason for retaining the alternate compensation scheme and denying compensation to the class represented by [appellant] is to reduce the cost to the workers' compensation system." Nyitray, supra at 177. However, the Ohio Supreme Court has "rejected classifications in legislation to ensure the financial security of the workers' compensation insurance fund." Patterson, supra at 206. (Citation omitted). In fact, the Ohio Supreme Court has specifically held "conserving funds is not a viable basis for denying compensation to those entitled to it." Nyitray, supra at 177. Appellee has not proffered a non-economic rational basis to justify the disparate treatment. We find the denial of compensation of employees who suffer psychiatric conditions which do not arise from a compensable injury to or occupational disease suffered by that employee is inherently unfair and contrary to the purposes of compensating workers as set forth in Section 35, Article II of the Ohio Constitution. Although we find R.C. 4123.01(C)(1) as interpreted violates the Equal Protection Clauses of the United States and Ohio Constitutions, our analysis is not complete. We find the use of the phrase "Psychiatric condition except where the conditions have arisen from an injury or occupational disease" is susceptible of two meanings. The statute does not specify who must suffer the injury or occupational disease which gives rise to the psychiatric condition. The statute merely states, in order for a psychiatric condition to be a compensable injury, the psychiatric condition must arise from "an injury or occupational disease". Read as interpreted by other appellate districts, the psychiatric condition must arise from an injury to or occupational disease suffered by the claimant himself. However, read in a more expansive manner, the psychiatric condition could arise from either a compensable injury to or occupational disease suffered by the claimant or, as in the instant action, to a third party. Because the statute is susceptible of two different meanings, interpretation is required. Two rules of statutory construction must be applied. "First, a court is duty bound whenever possible to interpret a statute to preserve its constitutionality." Bishop v. Hybud Equipment Corp. (1988), 42 Ohio App.3d 55, 58. "Second, when a statute is susceptible of two meanings — one of which would make the statute unconstitutional and the other of which would make it constitutional — courts are bound to give the statute that construction which would uphold its validity." Id. "The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections." United Tel. Co. v. Limbach (1994), 71 Ohio St.3d 369, 372. (Citation omitted). "The purpose of the Workers' Compensation Act is * * * to protect the employee against risks and hazards incident to the performance of his work." Phelps v. Positive Action Tool Co. (1986), 26 Ohio St.3d 142, 144. R.C. 4123.01(C)(1) is an exception to the general rule allowing compensation for work-related injuries. It must be read in conjunction with R.C.4123.95, which provides the workers' compensation system "shall be liberally construed in favor of employees." As discussed in detail supra, to advance the interpretation of the statute which limits the compensation of psychiatric conditions to those which arise solely from a compensable injury to or occupational disease suffered by the claimant himself would be to advance an interpretation which violates the Equal Protection Clauses of the United States and Ohio Constitutions. However, interpreting the statute to provide compensation for psychiatric conditions which arise from a compensable injury to or occupational disease suffered by either the claimant himself or a third party, as the complaint does herein, allows us to avoid concluding the statute is unconstitutional in the case sub judice. Additionally, such interpretation is not only a liberal construction in favor of employees, but also carries out the legislative intent of the Workers' Compensation Act — "to protect the employee against risks and hazards incident to the performance of his work". Id. Because this Court finds R.C. 4123.01(C)(1) is susceptible of a constitutional construction, we are required to give the statute such a construction in order to preserve its validity. Accordingly, we find the psychiatric condition alleged in appellant's complaint arising from an injury to his co-worker is a compensable injury within the meaning of R.C. 4123.01(C)(1). As such, we find the trial court erred in granting Republic's motion to dismiss and dismissing appellant's Complaint for failure to state a claim upon which relief can be granted. Based upon the foregoing reasons, appellant's first and second assignments of error are sustained.
The judgment entry of the Stark County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur