OPINION
{¶ 1} This appeal arises from the dismissal of a declaratory judgment action filed by appellant, Brenda Owen ("Owen"), against appellee, United Ohio Insurance Co. ("United"). For the reasons that follow, we affirm.
 {¶ 2} On November 26, 2001, Howard Barnes ("Barnes") was operating a vehicle owned by Joy Bennett ("Joy"). Matthew Bennett ("Matthew"), Joy's son, was a passenger in the vehicle with Barnes. It is unclear whether Joy gave Matthew permission to take Joy's vehicle. It is equally unclear why Barnes was driving Joy's vehicle.[1] On that night and while operating Joy's vehicle, Barnes struck a vehicle operated by Owen. As a result of the collision, Owen claims she sustained injuries.
 {¶ 3} At the time of the collision, United was Joy's auto-insurance carrier. Pursuant to United's policy, Matthew was excluded as a covered driver.[2] Owen previously filed suit against Barnes, Matthew and United in the Lake County Court of Common Pleas via case number 01 CV 001402. Owen settled with Barnes and Matthew for their policy coverage limits. Following this settlement, Owen dismissed her claim against United without prejudice pursuant to Civ.R. 41(A).
 {¶ 4} On June 27, 2005, and relative to this appeal, Owen filed a complaint for declaratory judgment against United in the Lake County Court of Common Pleas. The complaint indicates on its face that it is a "refiling (01 CV 001402)." Through this declaratory judgment action, Owen sought a "declaratory judgment in favor of [Owen] and to order [United] * * * to pay [Owen] compensatory damages, punitive damages, pre-judgment interest, costs of this action, reasonable attorney fees and such other awards and damages as the court finds proper." Owen asserted in the body of its complaint for declaratory judgment that United's policy issued to Joy "conferred rights and status upon [Owen] sufficient to enable her to recover some of the compensation necessary to make [Owen] whole." Owen claimed in her complaint that despite her demands for such compensation, United has refused to pay Owen for said losses and has denied coverage under the circumstances.
 {¶ 5} United filed a Motion to Dismiss on July 22, 2005 alleging Owen had failed to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). On November 3, 2005, the trial court granted United's motion to dismiss.[3] As this judgment entry was not dispositive of the entire pending litigation, the trial court advised there was no just reason for delay, making its decision a final appealable order.
 {¶ 6} Owen assigns three propositions of law for this court to consider. Although assigning propositions of law does not comport with App.R. 16, we will nevertheless interpret Owen's propositions as assignments of error and address the same. Owen asserts the following errors:
 {¶ 7} "[1.] A declaratory judgment action is permitted to determine the question of coverage between an insured's carrier and the insured's permissive user.
 {¶ 8} "[2.] The trial court improperly dismissed the declaratory judgment action to determine the coverage issue between Appellee and its insured's son, Matthew Bennett.
 {¶ 9} "[3.] Assuming Section 2721.02(B) [sic] of the Ohio Revised Code prohibits a declaratory judgment action unless, and until, an actual determination of liability against a particular insured under the policy by a finder of fact it is in violation of the Ohio Constitution and void."
 {¶ 10} At the outset, it is important to note that generally, an appellate court reviews declaratory judgment actions under an abuse of discretion standard. Bilyeu v. Motorists Mut. Ins. Co.
(1973), 36 Ohio St.2d 35, syllabus, Indiana Ins. Co. v. M.D.O.Homes, Inc., 11th Dist No. 2000-L-167, 2001-Ohio-8760. However, the instant appeal arises from the trial court's grant of a motion to dismiss pursuant to Civ.R. 12(B)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." Hodge v. Cleveland (Oct. 22, 1998), 8th Dist. No. 72283, 1998 Ohio App. LEXIS 4963, 6. Therefore, we review the trial court's decision de novo. DeSenco, Inc. v. Akron (1999)84 Ohio St.3d 535, 5375-38, citing Vail v. The Plain DealerPublishing Co. (1995), 72 Ohio St.3d 279; see, also, Shockey v.Fouty (1995), 106 Ohio App.3d 420, 424, see, also, Hamrick v.Daimler-Chrysler Motors, 9th Dist. No. 02CA008191, 2003-Ohio-3150, at ¶ 5.
 {¶ 11} In Owen's first assignment of error, she challenges the trial court's judgment entry dismissing the complaint against United. In reviewing dismissals pursuant to Civ.R. 12(B)(6), all reasonable inferences are to be made in favor of the nonmoving party. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667. "For a court to dismiss a complaint for failing to state a claim upon which relief can be granted, it must appear beyond a reasonable doubt that the allegations in the complaint can prove no set of facts which when construed most favorably to the plaintiff would entitle him to relief." Zuber v. Dept. of Ins.of Ohio (1986), 34 Ohio App.3d 42, syllabus; see, also, O'Brienv. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. Facts alleged in the complaint must be considered to be true and construed in favor of the plaintiff.Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, see, also,Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. However, legal conclusions are not entitled to the same presumption. "Unsupported conclusions of a complaint are not considered admitted, and are not sufficient to withstand a motion to dismiss." State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324, 324.
 {¶ 12} Declaratory judgment actions are governed by R.C.2721.01, et seq. "There are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ.R. 12(B)(6): (1) where there is no real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will not terminate the uncertainty or controversy [sic], under R.C.2721.07. Otherwise, the court is required to issue a judgment declaring the rights or legal relations, or both, of the parties, and the court errs when it dismisses the complaint for failure to state a claim under Civ.R. 12(B)(6)." Fioresi v. State Farm
(1985), 26 Ohio App.3d 203, syllabus; see, also, Indiana Ins.Co. v. Forsmark, 160 Ohio App.3d 277, 2005-Ohio-1635.
 {¶ 13} The requirement of an actual controversy is a strict pre-requisite to a declaratory judgment action. Bilyeu, supra. "A controversy exists for purposes of declaratory judgment when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant an issuance of a declaratory judgment." Wagner v. Cleveland
(1988), 62 Ohio App.3d 8, 13. The premise behind the actual controversy requirement is to prevent the issuance of advisory opinions. M.D.O. Homes, Inc., supra, at 4-5.
 {¶ 14} United asserts that the trial court's dismissal was proper as there is no actual controversy between United and Owen. In support of its theory, United points to the fact that there has been no determination on the negligent entrustment issue between Joy and Matthew. In other words, it is premature to bring the declaration action when it has yet to be determined whether or not Joy negligently entrusted her vehicle to Matthew and whether coverage would attach for that negligent entrustment. Until such determination, according to United, no damages can be paid to Owen under Joy's policy.
 {¶ 15} In regard to the existence or non-existence of controversy, this case is analogous to Bilyeu, supra. InBilyeu, the Ohio Supreme Court upheld the denial of declaratory relief sought by Judy L. Bilyeu regarding uninsured motorist coverage. Unlike in this case though, the parties agreed that Bilyeu was covered under her father's auto insurance policy. The parties further agreed that in the event the arbitrator made an award beyond the policy limits of the other insureds, then Bilyeu's insurance coverage would attach. However, the court held that the denial of declaratory relief was appropriate due to the fact that those facts and circumstances, i.e. the arbitrator awarding damages beyond the policy limits of the other coverage, had not yet occurred. "In our opinion, it was not unreasonable for the lower courts to decide that the events which could arise from this controversy may never happen. The controversy might be settled by the parties, or the arbitrator's award might be less than $10,000. Those are possibilities which the courts below no doubt considered in determining that a declaratory judgment action did not lie." Id. at 37.
 {¶ 16} Just as in Bilyeu, there are circumstances in the present case that have not yet occurred which preclude the maintenance of the underlying declaratory judgment action. First and foremost, Matthew may or may not be covered under Joy's insurance policy. The second outstanding issue is whether or not Joy negligently entrusted her vehicle to Matthew. The third outstanding issue, as in Bilyeu, is a determination of compensation. Even if it is determined that Joy did negligently entrust her vehicle to Matthew, and even if it is determined that coverage does attach to Matthew as a driver and by proxy, Barnes as a driver, the issue still remains as to compensation. Has Owen been fully compensated by the prior settlement? These issues remain outstanding.
 {¶ 17} A controversy, must be justiciable — it must be definite and concrete, touching the legal relation of parties having adverse legal interests — it must be a real and substantial controversy admitting of specific relief through a conclusive decree, as distinguished from an opinion advising what the law would be upon a hypothetical statement of facts. AetnaLife Ins. Co. v. Haworth (1937), 300 U.S. 227, 240. In the instant case, should the trial court have allowed the declaratory judgment action to proceed, any judgment would have been merely advisory. The very language of a proposed declaratory judgment under these facts is evident of its hypothetical and advisory nature. Any declaratory judgment issued by the trial court would have necessarily included precursory language such as: "If Joy is found to have negligently entrusted her vehicle to Matthew, then United would be required to provide coverage or if Owen is entitled to damages for the negligent entrustment by Joy of her vehicle to her son Matthew, then United is obligated to pay those damages."
 {¶ 18} It is premature to speculate and offer an opinion on United's duty to pay without a finding or admittance of negligent entrustment and damages.
 {¶ 19} Owen's first assignment of error is without merit.
 {¶ 20} Owen's second assignment of error likewise alleges the trial court improperly dismissed Owen's declaratory judgment action against United. The focus of Owen's second assignment of error turns on R.C. 2721.02(B).
 {¶ 21} R.C. 2721.02(B) provides:
 {¶ 22} "A plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved."
 {¶ 23} The crux of Owen's second assignment of error turns on whether or not Owen's settlement with Matthew and Barnes can be considered a "final judgment" pursuant to R.C. 2721.02(B). In the prior litigation, Owen settled with Matthew and Barnes for the policy limits of each. Owen did not reduce that settlement agreement to an agreed judgment. Owen contends that settlement equates to a final judgment and is sufficient to invoke permission under R.C. 2721.02(B) for Owen to file and maintain the underlying declaratory judgment action against United.
 {¶ 24} R.C. 2721.02(B) requires a final judgment between the plaintiff and the insured of the policy under which the plaintiff seeks a declaration of coverage. Specifically the statute states: "A plaintiff who is not an insured * * * may not commence against the insurer * * * until a court of record enters in a distinct civil action for damages between the plaintiff and that insured
as a tortfeasor a final judgment * * *." (Emphasis added).
 {¶ 25} This section poses two problems for the maintenance of the underlying declaratory judgment action. First, United provided an insurance policy for Joy Bennett, not Matthew. Whether or not Matthew may be covered under that policy has not been determined. However, the policy is clear on its face that the primary insured is Joy. Owen is seeking a declaration that United pay damages based on Matthew's actions under a policy that was issued to Joy — not Matthew. Joy, for statutory purposes is "that insured" — not Matthew. Owen failed to procure even a settlement (let alone a final judgment) with Joy. As such, Owen has failed to meet the statutory requirements to maintain the declaratory judgment action against Joy's insurance provider, United.
 {¶ 26} The second flaw in Owen's argument lies in the definition of "final judgment." The statute clearly requires a "* * * final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved." R.C. 2721.02(B). Owen claims it has met this burden by virtue of the settlement reached with Matthew and Barnes. The question then becomes whether a settlement agreement can qualify as a final judgment such as that intended in R.C. 2721.02(B).
 {¶ 27} According to R.C. 1.42, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Judgment has been defined as: "[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." Black's Law Dictionary, Fifth Edition, 1979. Based on this general definition, a settlement is deficient in two respects. First, a settlement is not litigated. Second, a settlement is not submitted to a court for its determination.
 {¶ 28} Notably, the General Assembly did not include the word "settlement" or any rendition thereof in the statutory construction. Rather, the legislature crafted R.C. 2721.02(B) only to include the phrase "final judgment." Clearly, judgments and settlements are not identical creatures. Judgments are procured only after generally prolonged litigation with both parties zealously representing and remaining steadfast in their adversarial positions. Settlements, on the other hand, consist of compromises made on behalf of all involved parties. The starkest difference between judgments and settlements is the controlling party of each. In judgments, the finder of fact has the ultimate control in rendering a decision. In settlements, the parties themselves negotiate the terms of an agreement to which they agree to be bound.
 {¶ 29} Owen acknowledges a lack of case law to support her theory likening a settlement to a final judgment. In contrast, other districts have upheld dismissals due to the lack of a final judgment. See, Allstate v. Vision (July 31, 2001), 10th Dist. No. 00AP1-388, 2001 Ohio App. LEXIS 3365, see, also, CincinnatiIns. Co. v. Nickles Bakery, Inc., 2d Dist. No. 19390, 2003-Ohio-47, at ¶ 17. In addition, interpretations of the predecessor statute to R.C. 2721.02(B), Gen. Code Ohio, Section 9510-4, also required a final judgment before commencement of a proper action against the third-party insurer. Alms Doepke Co.v. Johnson (1954), 98 Ohio App. 78, 87.
 {¶ 30} Therefore, we agree with the trial court. Essentially, Owen has put the cart before the proverbial horse. "If [Owen] is successful in obtaining a final judgment against Defendant Joy Bennett awarding damages for injury, death or loss to person or property, and if * * * United * * * then disputes its obligations to pay such a final judgment under Defendant Bennett's liability policy, then and only then will [Owen] be in a position to bring a direct action for declaratory judgment against Defendant Joy Bennett's liability insurance carrier * * *."
 {¶ 31} A review of the legislative history of this statute supports our interpretation. The predecessor to R.C. 2721.02 can be found in Section 9510-4 of the General Code which stated: "Upon recovery of a final judgment * * *, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." Clearly, R.C. 2721.02 is patterned after Gen. Code Section 9510-4 as it nearly recites the same language verbatim only in a more popular vernacular.
 {¶ 32} It is an unpaid judgment that triggers the ability to file a declaratory judgment action against an insurance company who refuses to acknowledge its duty to pay. See, Steinbach v.Maryland Casualty Co. (1921), 15 Ohio App. 392. "When a person against whom a claim is brought makes a settlement with the claimant, such person does not thereby acknowledge liability. * * * [E]ven if [the settlement] were an admission of liability, the value of the injuries suffered by appellant would still need to be determined in an action against the alleged tortfeasor."Chitlik v. Allstate Ins. Co. (1973) 34 Ohio App.2d 193, 198. (Citation Omitted.) This interpretation is consistent with our previous declaration that no controversy currently exists between Owen and United.
 {¶ 33} Likewise, this interpretation is consistent with the general statutory scheme. R.C. 3929.06 is essentially the counterpart of R.C. 2721.02(B) and provides further authority for the plaintiff/judgment creditor to file suit against the insurance company whose policy covers the damages. This section imposes time limits on the plaintiff/judgment creditor prior to pursuing a declaratory judgment action.[4] According to its very terms, this section is intended to be a counterpart to R.C.2721.02. R.C. 3929.06(C) references the declaratory judgment procedures available under Chapter 2721. This comprehensive reading of the statutory authority lends further credence to our determination that a settlement is not akin to a judgment for purposes of the declaratory judgment action in this case. R.C.3929.06 does not contemplate settlements wherein one party agrees to compensate another. Rather, it refers to judgments that remain unpaid as the precursor to filing a declaratory judgment action under R.C. 2721.02.
 {¶ 34} It is important to note that prior to the enactment of H.B. 58 in 1999 which codified R.C. 2721.02(B), courts operated under a more permissive attitude in regards to declaratory judgment actions as they pertained to questions of insurance coverage and payment. See, The Travelers Indemnity Co. v.Cochrane (1951) 155 Ohio St. 305; see, also, Ohio FarmersIndemnity Co. v. Chames (1959), 170 Ohio St. 209. "Moreover, it has been held in a number of cases that the pendency of an action or even the threat of an action affords a sufficient basis to permit an insurer to invoke declaratory-judgment statutes, where the object is to secure a determination as to the insurer's obligation to defend an action or to pay a judgment which might be rendered in such action." Id. at 214. This theory co-existed with a broad interpretation of declaratory judgments wherein the injured victim was considered an interested party under the tortfeasor's insurance policy. Broz v. Winland (1994),68 Ohio St.3d 521, 525. However, this open-door policy changed in 1999 when the General Assembly adopted new legislation narrowing the scope of declaratory judgments available to injured parties.[5]
 {¶ 35} "The clear, unequivocal, and unambiguous statement of public policy contained in Sub. House Bill 58 is to remove any right of the alleged injured party to participate in a declaratory judgment action between the insurance company and the insured, unless and until the alleged injured party has obtained a final judgment for damages against the insured." Indiana Ins.Co. v. Murphy, 165 Ohio App.3d 812, 2006-Ohio-1264, at ¶ 27
(Rogers, J., dissenting).
 {¶ 36} We do not subscribe to Owen's comparison of a settlement as equal to a final judgment for purposes of R.C.2721.02(B). Rather, we find the legislature clearly intended that the filing of a declaratory judgment action demanding payment from an insurance company under R.C. 2721.02(B) be preceded by a final judgment that remains unpaid — not a settlement.
 {¶ 37} Owen's second assignment of error is without merit.
 {¶ 38} Owen's third assignment of error challenges the constitutionality of R.C. 2721.02(B). Owen argues an application of R.C. 2721.02(B) which upholds the trial court's dismissal effectively closes the door to Owen to every remedy available at law. Owen asserts this is in contravention to Article I, Section16 of the Ohio Constitution which states in relevant part: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."[6]
 {¶ 39} Article I, Section 16 provides two protections: "(1) that legislative enactments may abridge individual rights only by due course of law, which is equivalent to due process; and (2) that all courts shall be open to all persons with a right to a remedy for his injury." Winningham v. North American Resources
(1992), 812 F.Supp. 1460, 1473. This section does not require unfettered access to the legal system. Id. at 1474.
 {¶ 40} In reviewing a constitutional challenge to a legislative enactment, we begin with a presumption of constitutionality. R.C. 1.47; see, also, Adamsky v. BuckeyeLocal School Dist. (1995), 73 Ohio St.3d 360, 361; see, also,Sorrell v. Thevenir (1994), 69 Ohio St.3d 415; Hardy v.VerMeulen (1987), 32 Ohio St.3d 45, 48; State ex. rel. Dickmanv. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. It is not unprecedented for claimants to be refused a cause of action under R.C. 2721.02 and its predecessor in the general code.
 {¶ 41} In New Amsterdam Casualty Co. v. Nadler (1926),115 Ohio St. 472, the Ohio Supreme Court held that the spouse of an injured victim was prohibited from bringing a similar type of action against the insurance company even though Nadler had previously been awarded judgment for a claim of loss of consortium. The Court reasoned that the general assembly specifically included the words "bodily injury" as a pre-requisite to maintaining Nadler's asserted claim against the insurance company. Id. at 476. The Court determined a judgment for loss of consortium did not qualify as bodily injury as contemplated by the statute. Id.
 {¶ 42} In the present case, we do not find that Owen was precluded from her right to an open court as guaranteed under the Constitution. "When the Constitution speaks of remedy and injury to person, property, or reputation, it requires an opportunity granted at a meaningful time and in a meaningful manner."Hardy, supra, at 47. Pursuant to the statutes of limitations for personal injury actions, Owen had two years to bring a claim against any and all parties whose negligent actions proximately caused her injuries. Therefore, Owen's preclusion argument has no merit.
 {¶ 43} Other remedies and courses of action were available to Owen that would not have resulted in the dismissal of this declaratory judgment action. Owen could have filed suit against Joy herself and by proxy, United, in the original action.[7] The fact remains that until Owen filed suit against Joy and obtained a judgment against Joy, any action against United was premature.
 {¶ 44} Owen likewise asserts that the statute is unconstitutional and violates Owen's due process rights because it does not protect or promote any rational state interest. Owen argues that the only interest being served by our application of R.C. 2721.02(B) is the interest of large insurance carriers.
 {¶ 45} When a statute does not implicate a fundamental right, the rational basis test is the appropriate measure. Winningham,
supra, at 1474; see, also, Sedar v. Knowlton Constr. Co.
(1990), 49 Ohio St.3d 193, 199. A legislative enactment will withstand a constitutional challenge if it "bears a real and substantial relation to the public health, safety, morals or general welfare of the public and * * * if it is not unreasonable or arbitrary." Id. (citations omitted).
 {¶ 46} Under the rational basis standard, we find that the state legislature, in enacting R.C. 2721.02(B) as applied in this case, was properly protecting the general welfare of the public. It is a rational state interest to provide injured parties with a means to collect their judgments against insurance companies. R.C. 2721.02 accomplishes this goal. The prerequisite requirement of a final judgment prior to properly filing a declaratory judgment action is not unconstitutional. It is a logical requirement. Without some limitation on declaratory judgment actions seeking payment from insurance companies, courts would be flooded with such complaints demanding payment prior to any award of damages. In all civil cases, the injured party must first prove the elements of its claim and then collect any damages awarded as a result of that successful endeavor. Owen essentially argues injured parties should be entitled to damages prior to proving their case. This is nonsensical. As discussed previously, the courts remained open to Owen through a variety of paths other than the course of action chosen here.
 {¶ 47} Owen's third assignment of error is without merit.
 {¶ 48} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., concur.
[1] Owen's brief references deposition testimony wherein Matthew stated he permitted Barnes to drive his mother's vehicle because he was too intoxicated to drive himself.
[2] Although Matthew was excluded as a driver under Joy's auto policy, the policy also contained a "permissive user" section which stated: "J. Your covered auto means: * * * 9. Using a vehicle without a reasonable belief that insured is entitled to do so. This exclusion (A.9) does not apply to a family member using your covered auto which is owned by you." The issue as to whether or not Matthew was a permissive user and therefore covered under Joy's auto policy is secondary to the issue at hand which is whether or not Owen may sustain a declaratory judgment action under R.C. 2721.02(B) and therefore we will not specifically address this issue but for the framework of establishing this procedural scenario as a whole.
[3] The trial court entered a separate nunc pro tunc judgment entry granting United's motion to dismiss on November 10, 2005 clarifying the previous judgment entry which named the wrong defendant. The caption in the November 3, 2005 entry inappropriately identified Brick By Brick Masonry, Inc. as the defendant as opposed to United, the correct defendant. Also on November 3, 2005, Owen filed an amended complaint and jury demand adding Mr. and Mrs. Daniel Owen as plaintiffs and adding Ms. Joy Bennett as a defendant.
[4] According to R.C. 3929.06(A)(2), a judgment creditor shall wait thirty days after the entry of final judgment prior to filing a supplemental complaint seeking payment from the insurance company.
[5] The General Assembly expressly indicated in 1999 H.B. 58 that it specifically intended to "supersede the effect of the holding of the Ohio Supreme Court in * * * Broz * * *."
[6] We note that there is nothing in the record to indicate that Owen complied with R.C. 2721.12 which requires notification to the attorney general in any action or proceeding involving a constitutional challenge to a statute.
[7] In fact, Owen did file suit against Joy in her amended complaint filed with the trial court on November 3, 2005.