DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Northern Manufacturing Co., Inc. ("Northern"), appeals the orders issued by the Ottawa County Court of Common Pleas ordering appellant to pay attorney fees to appellee, New Market Metal Craft, Inc. ("NMMC"). For the reasons that follow, we affirm in part and reverse in part. *Page 2 
 {¶ 2} Northern is an Ohio corporation with its principal place of business in Ottawa County, Ohio. NMMC is a Virginia Corporation with its principal place of business in New Market, Shenandoah County, Virginia.
 {¶ 3} On June 3, 2004, appellee filed an action against appellant in Shenandoah County Virginia Circuit Court for breach of a contract to manufacture and deliver metal parts used to construct billboards. A forum selection clause in the purchase order form stated that all contract and tort disputes arising from the contract would be resolved in Shenandoah County, Virginia.
 {¶ 4} The trial court issued identical orders (each order contained the captions for both cases) in two separate cases. We sua sponte consolidated the cases for purposes of appeal and will discuss them in order, as Northern I and Northern II
 Northern I {¶ 5} On January 25, 2005, claiming that the Virginia court did not have personal jurisdiction over it, appellant filed a declaratory judgment in the Ottawa County Court of Common Pleas captioned TheNorthern Manufacturing Company, Inc. v. New Market Metalcraft, Inc.
(case No. 05-CVH-029).
 {¶ 6} On May 16, 2005, appellee filed a motion for failure to state a claim pursuant to Civ.R. 12(B)(6). Because appellee presented matters outside of the pleadings, the court treated the motion for failure to state a claim as a motion for summary judgment, as provided in Rule 56. *Page 3 
 {¶ 7} On August 5, 2005, the trial court dismissed Northern I for lack of jurisdiction.
 Northern II {¶ 8} On July 5, 2005, appellant filed a complaint in the Ottawa County Court of Common Pleas seeking damages in excess of $25,000, captioned The Northern Manufacturing Company, Inc. v. New MarketMetalcraft, Inc. (case No. 05-CVC-225). Appellant claimed appellee was involved in a fraudulent scheme, involving contracting with appellant for the purchase of signs to be placed at Reagan International Airport in Washington, D.C. and then changing the specifications precluding appellant from being able to meet the new specifications at the contract price, forcing appellant to withdraw. Appellee then sued in Virginia for breach of contract and money damages. Appellant claimed that as the government's approval of appellant was necessary, and not given, no damages could be claimed.
 {¶ 9} On September 19, 2005, appellee filed a motion to dismiss for lack of personal jurisdiction pursuant to Civ.R. 12(B)(2). On February 15, 2006, the court dismissed Northern II on the basis that the Virginia court had jurisdiction.
 {¶ 10} On May 19, 2006, appellee filed motions for sanctions to recover attorney fees and costs pursuant to Civ.R. 11 and R.C. 2323.51
in both Northern I and Northern II. On July 17, 2006, the trial court issued identical orders awarding appellee $29,118.65 for attorney fees and costs. On August 15, 2006, appellant filed notices of appeal with this court. *Page 4 
 {¶ 11} Appellant now sets forth the following assignments of error:
 {¶ 12} "I. The Court below erred in awarding attorneys' fees that were incurred in the defense of Northern I.
 {¶ 13} "II. The Court below erred in awarding fees incurred in the defense of Northern II.
 {¶ 14} "III. The Trial Court erred in awarding attorneys' fees that were incurred in the defense of both Northern I and Northern II."
 {¶ 15} In the first assignment of error, appellant asserts the trial court erred in awarding attorney fees for Northern I.
 {¶ 16} On June 23, 2006, the trial court held a hearing for the limited purpose of determining the appropriateness of sanctions. Appellee's witness was a Port Clinton attorney who testified that the hours and hourly rate claimed by appellee's attorneys were reasonable for both Northern I and Northern II.
 {¶ 17} The owner/CEO of Northern then testified. His testimony focused on Northern II as to the monetary terms of the contract and the issue of governmental approval. The purpose of his testimony was to prove that the filing of Northern II was not frivolous.
 {¶ 18} The court sought clarification about the frivolousness of the suits, asking, "Maybe counsel can help me here, but it would seem that the frivolity, if any, would be in filing a second lawsuit when the first lawsuit is exactly the same as the second, had been *Page 5 
litigated and decided on its merits, and the further issue of whether this Court even had jurisdiction to entertain that lawsuit after that issue had been fully decided * * *."
 {¶ 19} Appellant responded by stating, "The second lawsuit was filed because the first lawsuit was litigated, before you decided the first lawsuit." Still unsure, the judge responded, "Well, I will have to look at the record and see what the sequential dates might reveal."
 {¶ 20} After more testimony concerning the contract, the judge restated that the merits of Northern II were not before the court because they were already litigated and stating that "the frivolous conduct, if any, * * * relates to the sequence of the litigation as between the Ohio Court, the Virginia Court, and the re-filing of the case in the Ohio court once it had already been litigated." Appellant responded by saying, "Judge, could we clear that point up because my recollection is that I filed the second lawsuit and asked that it be consolidated before you dismissed the first."
 {¶ 21} Uncertain of the exact procedural history of Northern I andNorthern II, the court took a short recess. When court resumed, the judge stated he would not hear evidence of whether there was a good faith basis for the fraudulent claim, and therefore the merits ofNorthern II, because the court lacked jurisdiction to hear the case. The judge also acknowledged that both Northern I and Northern II were never consolidated. Finally, he stated, "There was no representation to the Court that Northern Manufacturing was attempting in good faith to extend, modify or reverse existing Ohio law, and the *Page 6 
action was not warranted under existing law because this Court simply had no jurisdiction and that was twice announced by this Court in its decisions."
 {¶ 22} The court allowed both parties to submit post-hearing briefs before July 14, 2006. Appellee filed a brief on July 14, 2006. On July 17, 2006, the court ruled in favor of the appellee. On July 18, 2006, appellant filed a brief.
 {¶ 23} A party may seek attorney fees under Civ.R. 11 or Ohio's Frivolous Conduct Statute, R.C. 2323.51.
 {¶ 24} Civ.R. 11 states,
 {¶ 25} "Every pleading, motion or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay * * *. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule * * *."
 {¶ 26} A judge may award the opposing party expenses and attorney fees if the rule is willfully violated, not merely negligently violated.Rindfleisch v. AFT, Inc 8th Dist. Nos. 84551, 84897, 84917, 2005-Ohio-191, ¶ 16. *Page 7 
 {¶ 27} R.C. 2323.51 defines two types of frivolous conduct: 1) conduct that obviously serves to harass or maliciously injure another party to the civil action or 2) conduct that is not warranted under existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law. R.C. 2323.51(A)(2)(a)(i) and (ii).
 {¶ 28} R.C. 2323.51 requires the court to determine whether the challenged conduct constitutes frivolous conduct and, if so, whether any party has been adversely affected by that conduct. See R.C.2323.51(B)(2)(c). Any party who has been adversely affected by frivolous conduct may be awarded reasonable attorney fees. R.C. 2323.51(B)(1).
 {¶ 29} A motion for attorney fees under R.C. 2323.51 must be decided solely upon the evidence presented at the hearing, not upon evidentiary materials submitted with the motion or otherwise. Pisanick-Miller v.Roulette Pontiac Cadillac GMC, Inc. (1991), 62 Ohio App.3d 757. The party seeking attorney fees under R.C. 2323.51 must affirmatively demonstrate that he or she incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct.Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 54.
 {¶ 30} In reviewing the lower court's decision in granting a request for attorney fees pursuant to R.C. 2323.51, the standard for review is abuse of discretion. Patton v. Ditmyer, 2006 Ohio 7107. An abuse of discretion involves more than an error of law or *Page 8 
judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id.
 {¶ 31} To determine whether attorney fees are appropriate forNorthern I, we must determine whether filing a declaratory judgment by appellant was frivolous.
 {¶ 32} Civ.R. 57 states, "[T]he procedure for obtaining a declaratory judgment pursuant to Section 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules."
 {¶ 33} A plaintiff can file a declaratory judgment to establish his/her right's under a contract. Blackwell v. International Union,United Auto Workers (1983), 9 Ohio App.3d 179. R.C. 2721.04 states, "Subject to division (B) of section 2721.02 of the Revised Code, a contract may be construed by a declaratory judgment or decree either before or after there has been a breach of the contract."
 {¶ 34} R.C. 2721.07 states,
 {¶ 35} "Court of record may refuse to render or enter a declaratory judgment or decree under this chapter if the judgment or decree would not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought."
 {¶ 36} "There are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ.R. 12(B)(6): (1) where there is no real controversy or justiciable issue between the parties, or 2) where the declaratory judgment will not *Page 9 
terminate the uncertainty or controversy." R.C. 2721.07; see Owen v.Bennett, 11th Dist. No. 2005-L-194, 2006-Ohio-5170, ¶ 12.
 {¶ 37} Appellee has cited Therapy Partners of America, Inc. v. HealthProviders, Inc. (1998), 129 Ohio App.3d 572, in support of its argument that the declaratory judgment should be denied. In Therapy, appellant, an Ohio corporation, entered into a contract with appellee, a Florida corporation, where appellee would provide therapy services to appellant's health facilities. By the terms of the agreement, Florida law governed the contract. Appellee filed suit against appellant in a Florida court alleging a breach of contract. Appellant then filed a declaratory judgment action in Franklin County believing that Ohio, rather than Florida, was the appropriate venue for the action between the two parties. On appeal, the Ohio court cited Preferred Risk Ins. Co.v. Gill (1987), 30 Ohio St.3d 108, 111-113, which stated that a declaratory judgment may be brought before or after a breach of contract. However, because Preferred involved a third party andTherapy was a direct action, the court held that Preferred was distinguishable and denied the declaratory judgment action.Therapy at 576. The court went on to state that appellant had sufficient minimum contacts with Florida and the court in Florida must exhaust its jurisdiction before an Ohio court could have jurisdiction. Id. at 577-78. Because the Florida court still had jurisdiction, appellant's claim was dismissed.
 {¶ 38} Northern I is similar to Therapy. Here, appellant filed the declaratory judgment in Northern I to establish its jurisdictional rights, contending that it was not subject to jurisdiction in Shenandoah County, Virginia. However, appellant's rights were *Page 10 
not impaired or lost. The Virginia Court was the proper court in which to litigate the contract dispute. Therefore, the trial court correctly dismissed the declaratory judgment.
 {¶ 39} Filing an action for declaratory judgment is not frivolous merely because the court denied it. Appellant had the right to seek a declaration of its rights under the contract and, therefore, filing the declaratory judgment action did not amount to frivolous conduct. Appellant's first assignment of error is well-taken.
 {¶ 40} In its second assignment of error, appellant argues that the trial court erred in awarding attorney fees for Northern II
 {¶ 41} When appellant filed a complaint for damages in Northern II,Northern I was pending. However, once Northern I was dismissed for lack of jurisdiction, any further litigation of Northern II amounted to frivolous conduct. The proper jurisdiction in Northern I also applies inNorthern II. Therefore, the trial court erred in awarding attorney fees incurred in Northern II prior to the dismissal of Northern I.
Appellant's second assignment of error is well-taken to that point. Attorney fees should have been calculated only from the timeNorthern I was dismissed until Northern II was dismissed.
 {¶ 42} This matter is hereby remanded to the trial court for a redetermination of sanctions consistent with this decision. Based on our determination of appellant's first and second assignments of error, appellant's third assignment of error is moot.
 {¶ 43} On consideration whereof, the judgment of Ottawa County Court of Common Pleas is affirmed in part and reversed in part. Pursuant to App.R. 24, costs are to be divided equally between the parties. Judgment for the clerks' expense incurred in *Page 11 
preparation for the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. concur. *Page 1