OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Earnest Thorpe, from a judgment of the Franklin County Court of Common Pleas granting a motion for judgment on the pleadings in favor of defendant-appellee, Terry Collins.
 {¶ 2} On July 19, 2007, appellant filed a document styled "PETITION FOR RELIGION BELIEF." On November 14, 2007, appellee filed a motion for judgment on the *Page 2 
pleadings pursuant to Civ. R. 12(C). On November 29, 2007, appellant filed a response to appellee's motion for judgment on the pleadings.
 {¶ 3} On April 30, 2008, the trial court granted appellee's motion for judgment on the pleadings, concluding that appellant's complaint failed to present a justiciable controversy. The court further determined that the complaint failed to comply with the requirements of R.C. 2969.25(A) and (C), and R.C. 2969.26(A).
 {¶ 4} On appeal, appellant sets forth the following seven assignments of error for this court's review:
 1. Trial court erred decision of the judgment on the DEFENDANT'S SUMMARY JUDGMENT unconte[s]ted without a hearing violates the jury trial rights and the right to remain silence [sic].
 2. Trial court erred decision on the PLAINTIFF'S claim to be HESSIAN HENDU. PLAINTIFF filed in that court from FEB. 5, 2002 arrest in the case his belief and his religion.
 3. Trial court erred decision in weight of evidence in favor of THE DEFENDANT violates THE FOURTEENTH AMENDMENT EQUAL PROTECTION OF LAW.
 4. Trial court erred THE FIRST AMENDMENT RIGHT has been granted to other religious people in similar petitions [sic].
 5. Trial court erred PETITIONER filed required documents in JULY 19, 2007, there was a omittment [sic] it was the clerk of courts.
 6. Trial court erred decision with state DEFENDANT MOTION on the pleadings granted. The answer was untimely. THE PLAINTIFF filed complaint JULY 19, 2007.
 7. Trial court erred granted DEFENDANT order in violation of F.R.A.P.R. (23) and violation of the FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. *Page 3 
 {¶ 5} We will address appellant's assignments of error jointly. We note that several of appellant's statements of assignments of error are not separately argued in his brief, as required by App. R. 16(A)(7). Pursuant to App. R. 12(A)(2), an appellate court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App. R. 16(A)." The primary issue raised by appellant on appeal is whether the trial court erred in granting appellee's motion for judgment on the pleadings.
 {¶ 6} Civ. R. 12(C) provides: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A Civ. R. 12(C) motion has been characterized as "a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." Marok v. The Ohio State Univ., Franklin App. No. 07AP-921, 2008-Ohio-3170, at ¶ 10. A motion for judgment on the pleadings under Civ. R. 12(C) "is specifically for resolving questions of law." Gambrel v. C.J. Mahan Constr. Co., Franklin App. No. 07AP-1023,2008-Ohio-3288, at ¶ 6. Under Civ. R. 12(C), appellant is entitled to have all the material allegations in his complaint, with all reasonable inferences to be drawn therefrom, construed in his favor as true.Hester v. Dwivedi (2000), 89 Ohio St.3d 575, 577.
 {¶ 7} In the present case, the trial court construed appellant's "petition for religion belief" as a complaint for declaratory judgment. In considering appellant's complaint, the court determined that appellant failed to establish a real controversy or justiciable issue between the parties. Specifically, the court held, while appellant "lists a series of beliefs, he fails to establish an adverse action, allege harm, name the individuals responsible for any alleged harm or connect [appellee] to any alleged harm." PGPage4
 {¶ 8} We agree with the trial court's determination. A review of appellant's complaint reveals that appellant merely lists various beliefs, but fails to set out an actual controversy between the parties, and thus dismissal was appropriate. See Owen v. Bennett, Lake App. No. 2005-L-194, 2006-Ohio-5170, at ¶ 12 (dismissal of a complaint for declaratory judgment proper where there is no real controversy or justiciable issue between the parties).
 {¶ 9} Appellant contends that the trial court converted appellee's motion for judgment on the pleadings into a motion for summary judgment. Related to this contention, appellant raises a "weight of evidence" argument, and further contends the court erred in failing to conduct a hearing before rendering its decision. The record, however, does not support appellant's assertion that the trial court treated appellee's motion for judgment on the pleadings as a motion for summary judgment. Specifically, there is no indication that the trial court, which cited the provisions of Civ. R. 12(C), considered any matters other than the legal sufficiency of the complaint.
 {¶ 10} Appellant's sixth statement of assignment of error, which we note is not separately argued in his brief, states that appellee's motion for judgment on the pleadings was untimely. As noted under the facts, appellant filed his petition/complaint on July 19, 2007. On August 31, 2007, appellee filed a motion for leave to file an answer, asserting excusable neglect for failing to file the answer by August 30, 2007. The trial court granted appellee's motion for leave, finding that appellee had shown good cause for filing the answer one day late.
 {¶ 11} A decision whether to grant a motion for leave to file a pleading out of time lies within the sound discretion of the trial court. Cincinnati Spring Serv. v. Meister Sand
PGPage5
 Gravel, Inc. (June 3, 1991), Butler App. No. CA90-06-112. In the instant case, appellee's memorandum in support of the motion for leave set forth facts upon which the trial court could have found appellee demonstrated excusable neglect, and appellant has not shown an abuse of discretion by the trial court in granting appellee leave to file an answer one day after the filing was due.
 {¶ 12} Finally, the record also supports the trial court's finding that appellant failed to comply with the requirements of R.C. 2969.25
and 2969.26. R.C. 2969.25(A) requires an inmate who commences a civil action against a government entity or employee to file with the court "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(C) requires that an inmate who seeks a waiver of the prepayment of the full filing fees shall file an affidavit of waiver and indigency which includes a statement setting forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier, and a statement setting forth all other cash and things of value owned by the inmate. R.C. 2969.26(A) provides that, if an action filed by an inmate is subject to the grievance system for the state correctional institution, such inmate shall file an affidavit stating that a grievance was filed, and the date on which the inmate received the decision regarding the grievance.
 {¶ 13} In the instant case, appellant filed documents with the trial court styled as "Affidavit In Support of Motion for Indigent," and "Affidavit to Prior civil cases." None of those documents, purporting to be affidavits, were notarized, and, thus, the trial court did not err in also finding, as grounds for dismissal, appellant's failure to comply with the above statutory requirements. See Griffin v. McFaul,116 Ohio St.3d 30, 2007-Ohio-5506
PGPage6
(where inmate's purported R.C. 2969.25[A] "affidavit of verification" was not notarized, petition was defective and subject to dismissal).
 {¶ 14} Based upon the foregoing, appellant's first, second, third, fourth, fifth, sixth, and seventh assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 SADLER and TYACK, JJ., concur. *Page 1