OPINION
Appellant Earl Bair is appealing the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal.
On December 6, 1988, the Stark County Grand Jury indicted appellant on two counts of rape. It was alleged, in the indictment, that appellant had both vaginal and oral intercourse with his two stepdaughters, both under the age of thirteen. Appellant originally entered a plea of not guilty but subsequently pled guilty to the charges contained in the indictment. The trial court sentenced appellant to five to twenty-five years on each count to run concurrently.
After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellant was serving his sentence recommended that appellant be classified as a "sexual predator". In August 1997, the trial court conducted a hearing to determine whether appellant was a sexual predator. Prior to the hearing, appellant filed several motions to dismiss raising a number of constitutional challenges to R.C. Chapter 2950. The trial court overruled appellant's motions. On June 25, 1997, the trial court found appellant to be a sexual predator as defined in R.C. 2950.01(E).
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.09 WHEN THE EVIDENCE DID NOT SUPPORT SUCH A FINDING, THEREBY VIOLATING HIS DUE PROCESS RIGHTS UNDER THE U.S. AND OHIO CONSTITUTIONS.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.09 IN VIOLATION OF ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AND THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.09 IN VIOLATION OF HIS EIGHT (SIC) AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.09 IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, DOUBLE JEOPARDY CLAUSE.
 V. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.09 IN VIOLATION OF THE APPELLANT'S SUBSTANTIVE DUE PROCESS RIGHTS.
 VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.09 IN VIOLATION OF THE APPELLANT'S RIGHT TO PRIVACY.
 I
In his first assignment of error, appellant maintains the trial court erred in finding him to be a sexual predator as such a finding is against the manifest weight of the evidence. We disagree.
In the case State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. See Cook at 417. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard of review as the Ohio Supreme Court, in the Cook
decision, addressed a similar challenge under a manifest weight standard of review. See Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator". This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the Cook decision, the Ohio Supreme Court explained that "[a]t the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator." Cook at 423. It is this procedure the trial court should follow in making a sexual predator determination.
In its judgment entry of June 25, 1997, the trial court did consider the above factors. The trial court noted that appellant was the stepfather of the two victims, ages ten and thirteen. Judgment Entry, June 25, 1997, at 1. The trial court also noted the continuing course of conduct of the appellant. The bill of particulars indicates that from June 1, 1985 to June 28, 1988, appellant engaged in sexual relations with that child two to three times per week. As to the second victim, the bill of particulars indicates a continuing course of conduct, by appellant, from November 1, 1987 to October 27, 1988. Id. The trial court found this demonstrated a continuing pattern of abuse. Id. at 1-2. The trial court also noted that the stepfather/stepdaughter relationship increases the severity of appellant's conduct. Id. at 2. Finally, the trial court recognized appellant's attendance at a number of classes dealing with sexual violators while imprisoned. Id. Based upon the above factors, the trial court concluded, by clear and convincing evidence, that appellant should be classified as a "sexual predator" as defined in R.C.2950.01(E). Id.
Based upon our review of the evidence contained in the record, we cannot find the trial court clearly lost its way in determining appellant should be classified as a sexual predator. The trial court's conclusion is supported by clear and convincing evidence and therefore, is not against the manifest weight of the evidence.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends R.C. Chapter 2950 violates Article II, Section 28 of the Ohio Constitution and the Ex Post Facto Clause of the United States Constitution. We disagree.
In the recent case of State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court addressed this issue. The Court held in paragraphs one and two of the syllabus as follows:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Based upon the above two paragraphs of the syllabus in Cook, we overrule appellant's second assignment of error.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains R.C. Chapter 2950's retroactive provisions constitute cruel and unusual punishment. We disagree.
In the Cook decision, the Ohio Supreme Court analyzed the registration and notification provisions for purposes of ex postfacto and retroactive review. This analysis hinged upon whether these provisions were punitive or remedial in nature. In making this determination, the Court relied upon the test set forth inKennedy v. Mendoza-Martinez (1963), 372 U.S. 144. Based upon this test, the Court concluded that the legislation was not punitive. See Cook at 417. The Court explained:
 * * * R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one * * *. Id. at 423.
Clearly, the Ohio Supreme Court determined the registration and notification provisions, not being punitive in nature, do not constitute punishment and therefore, do not violate the prohibition against cruel and unusual punishment.
Appellant's third assignment of error is overruled.
 IV
Appellant maintains, in his fourth assignment of error, the retroactive application of the registration and notification provisions of R.C. Chapter 2950 constitute double jeopardy. We disagree.
In the case of E.B. v. Verniero (C.A.3, 1997), 119 F.3d 1077,1092, the Third Circuit Court of Appeals explained that neither the Ex Post Facto Clause nor the Double Jeopardy Clause are implicated unless the state has inflicted "punishment". Thus, the threshold question under a double jeopardy analysis is whether the registration and community notifications provisions of the statute constitute "punishment". As noted in appellant's third assignment of error, we find the registration and notification provisions are not punitive in nature. Therefore, appellant cannot make a claim of double jeopardy.
Appellant's fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant contends the retroactive application of the registration and notification provisions of R.C. Chapter 2950 do not bear a reasonable relationship to the public interest of protecting the public at large, and children in particular, from convicted sexual offenders. Thus, appellant claims he is deprived of substantive due process from the application of these provisions. We disagree.
In the case sub judice, appellant claims he is entitled to prevail under either the rational basis or the more stringent strict scrutiny test for due process analysis. We disagree. First, as to the strict scrutiny test, based on the Hamilton County Court of Appeals' decision in State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970301, unreported, which we find to be persuasive authority, the strict scrutiny test is not applicable. In Lance, the court explained:
 The appellants contend that their classification as sexual predators and the related registration and notification requirements impinge upon their fundamental right to privacy and therefore require a higher level of scrutiny under an equal-protection analysis. We disagree. In the equal-protection and substantive-due-process contexts, the right to privacy has not been held to be fundamental except in the context of marital, sexual, and reproductive matters. Courts have not found violations of the right to privacy in the sense of damage to the reputation to be the sort of fundamental interest that would trigger the higher standard of scrutiny. Further, when balancing the interest involved, we cannot conclude that the appellant's limited right of privacy was violated since most of the information required by the registration and notification requirements is already available to the public. Consequently, we reject the appellants' argument and apply the `rational basis' test. Id. at 5.
Therefore, we find, as the court did in Lance, the proper test to apply is the rational basis test. Under this test, the legislation must be upheld unless the classification is totally unrelated or irrelevant to the state's goals or purpose for enacting the legislation. Menefee v. Queen City Metro (1990),49 Ohio St.3d 27, 29. "A statutory classification will violate equal protection if it treats similarly situated individuals in a different manner based upon an illogical and arbitrary basis."Lance at 5, citing Adamsky v. Buckeye Loc. School Dist. (1995),73 Ohio St.3d 360, 362.
In Lance, the court of appeals concluded the registration and notification requirements of the statute did not violate the equal protection and due process clauses under a rational basis analysis. The court held:
 The protection of the public from sex offenses is, without a doubt, a legitimate state interest. In all of the cases before us, the courts found the offenders to be sexual predators. The legislature specifically defined a sexual predator as an offender who `is likely to engage in the future in one or more sexually oriented offenses.' It has also specifically concluded that such an offender poses a high risk of recidivism. The registration and notification requirements accompanying a sexual-predator finding clearly advance the legislature's stated goal of protecting the public. A reasonable ground exists for distinguishing between sexual predators and other offenders, and we cannot conclude that the sexual-predator classification is so arbitrary and invidious as to violate the Equal Protection or Due Process Clause. Id. at 5-6.
We find the reasoning contained in Lance applicable to the matter currently before the Court. Therefore, we conclude R.C. Chapter 2950 does not violate appellant's substantive due process rights.
Appellant's fifth assignment of error is overruled.
 VI
In his final assignment of error, appellant claims his right to privacy is violated by the retroactive registration and notification provisions of R.C. Chapter 2950. We disagree.
Specifically, appellant claims the notification procedures will result in the disclosure of personal matters that will affect his decision making relative to fundamental issues. As in appellant's fifth assignment of error, we find the right of privacy, in the context of due process and equal protection claims, is fundamental only in the area of marital, sexual, and reproductive matters. See Albright v. Oliver (1994),510 U.S. 266, 272; State, ex rel. Plain Dealer Publishing Co. v. City ofCleveland (1996), 75 Ohio St.3d 31, 34. Therefore, in applying the rational basis analysis, we reach the same conclusion that we reached in appellant's fifth assignment of error.
Appellant's sixth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Hoffman, J., and Farmer, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.