[Cite as *State v. Doane*, 2020-Ohio-900.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19CA05 |
| | : | |
| JOY DOANE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Mount Vernon
                             Municipal Court, Case No. 18TRC03864

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      March 9, 2020

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

P. ROBERT BROEREN                       SAMUEL H. SHAMANSKY
MOUNT VERNON LAW DIRECTOR               DONALD L. REGENSBURGER
BRITTANY A. WHITNEY                     COLIN E. PETERS
5 North Gay St., Suite 222              ASHTON C. GAITANOS
Mt. Vernon, OH 43050                    523 South Third St.
                                        Columbus, OH 43215

*Delaney, J.*

{¶1}   Appellant Joy Doane appeals from the April 11, 2019 Sentencing Entry of the Mount Vernon Municipal Court, incorporating the Court's March 27, 2019 Journal Entry overruled her motion to suppress. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

*Traffic stop, suspicion of marijuana use, and urine test*

{¶2}   This matter arose on October 12, 2018, around 5:17 p.m., when Ptl. Josh Jones of the Fredericktown Police Department was monitoring traffic on Mount Vernon Avenue south of Kokosing Street.  He observed a vehicle operated by appellant and performed a random registration check.  Dispatch advised appellant's registration was expired and Jones therefore performed a traffic stop.

{¶3}   Jones approached the vehicle on the driver's side and appellant opened her door.  He asked for her license and proof of insurance, and appellant provided her registration.  The officer asked again for appellant's license and proof of insurance; she provided her license but no proof of insurance.  While standing at the driver's door, Jones recognized the odor of marijuana emanating from the vehicle.  At first appellant denied there was marijuana in the vehicle, then admitted she had just smoked with a friend "five or ten minutes ago." She pulled a "joint" from her jacket pocket which was burnt on one end.  Jones instructed appellant to place the "joint" on the front seat and to step out of the vehicle.  He decided to ask appellant to submit to standardized field sobriety tests because she seemed lethargic and Jones suspected she was under the influence.  After completing field sobriety tests, Jones arrested appellant for O.V.I.

{¶4} Upon his search of appellant's vehicle, he found a purse containing suspected marijuana and drug paraphernalia.

{¶5} Appellant was transported to the Knox County Jail and voluntarily submitted to a urine test witnessed by a female deputy.

{¶6} On January 10, 2019, Jones received the results of analysis of the urine test stating the sample was positive for "11-nor-9-carboxy-tetrahydrocannabinol (marihuana metabolite) positive. Results greater than 200 ng/mL."

{¶7} Appellant was cited by Uniform Traffic Ticket (U.T.T.) with O.V.I. pursuant to R.C. 4511.19(A)(1)(a) and (A)(1)(j)(viii)(II), a misdemeanor of the first degree, and one count of expired plates, a minor misdemeanor.[1] Appellant entered pleas of not guilty.

*Suppression hearing: focus on effect of marijuana metabolite*

{¶8} On February 12, 2019, appellant filed a motion to suppress the urinalysis because it was not performed in accordance with the applicable regulations and moved the trial court to find R.C. 4511.19(A)(1)(J)(viii)(II)--the marijuana-metabolite per se statute--unconstitutional. The matter proceeded to an evidentiary hearing on March 25, 2019, and the following evidence was adduced.

{¶9} Jones testified he has training and experience in detection of impaired drivers and is a certified Drug Recognition Expert (D.R.E.). He acknowledged that during field sobriety tests, he investigates whether a driver is under the influence of marijuana or T.H.C., not a marijuana metabolite. As a D.R.E. officer, he is not trained in the effects of marijuana metabolite on a driver's level of impairment.

---

[1] Appellant was also cited for marijuana possession and drug paraphernalia, but the outcome of the criminal offenses is not before us in the record.

{¶10} A criminalist from the Ohio State Highway Patrol crime lab testified as an expert about her analysis of appellant's urine sample. The criminalist is certified in drug and alcohol testing by the Ohio Department of Health. She used an immunoassay to screen the sample, then used gas chromatography mass spectrometry to determine that the sample contained greater than two hundred nanograms per milliliter of marijuana metabolites. She did not report an exact figure because any amount over two hundred is outside the calibration range of her testing equipment. The criminalist acknowledged on cross-examination that "marijuana metabolite" is not a measure of T.H.C. but is instead a physiological byproduct created after the body processes T.H.C.

{¶11} Via Journal Entry filed March 27, 2019, the trial court overruled appellant's motion to suppress, finding that appellee established that all statutory requirements and Ohio Department of Health regulations were substantially complied with. Further, the trial court found R.C. 4511.19(A)(1)(J)(viii)(II) is not unconstitutional.

{¶12} The matter proceeded to trial by jury. Appellant was found not guilty of the O.V.I. violation pursuant to R.C. 4511.19(A)(1)(a) and was found guilty of the marijuana-metabolite per se violation pursuant to R.C. 4511.19(A)(1)(j)(viii)(II).[2] The trial court imposed first-time O.V.I. penalties, including completion of a 3-day Driver Intervention Program.

{¶13} Appellant now appeals from the judgment entry of conviction and sentence, incorporating the trial court's decision overruling her motion to suppress.

{¶14} Appellant raises one assignment of error:

---

[2] Appellant was found guilty by the trial court of the minor-misdemeanor offense of expired registration.

**ASSIGNMENT OF ERROR**

{¶15} "APPELLANT'S CONVICTION FOR O.V.I. FOR HAVING A PROHIBITED LEVEL OF MARIHUANA METABOLITE DEPRIVED HER OF EQUAL PROTECTION AND DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

**ANALYSIS**

{¶16} In her sole assignment of error, appellant argues that R.C. 4511.19(A)(1)(j)(viii)(II), the marijuana-metabolite per se violation, is unconstitutional and deprived her of equal protection and due process of law. We disagree.

{¶17} Appellant was convicted of violating R.C. 4511.19(A)(1)(j)(viii)(II), which states:

> No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
>
> * * *
>
> Except as provided in division (K) of this section, the person has a concentration of any of the following controlled substances or metabolites of a controlled substance in the person's whole blood, blood serum or plasma, or urine that equals or exceeds any of the following:
>
> * * *
>
> Either of the following applies:
>
> * * *

(II) As measured by gas chromatography mass spectrometry, the person has a concentration of marihuana metabolite in the person's urine of at least thirty-five nanograms of marihuana metabolite per milliliter of the person's urine or has a concentration of marihuana metabolite in the person's whole blood or blood serum or plasma of at least fifty nanograms of marihuana metabolite per milliliter of the person's whole blood or blood serum or plasma.

{¶18} There is a strong presumption that statutes are constitutional. *State v. Anderson*, 57 Ohio St.3d 168, 566 N.E.2d 1224 (1991). Appellant argues that the presence of marijuana metabolite in a driver's urine cannot be linked to impairment, and consequently a risk to other drivers and society in general, because marijuana metabolites are merely byproducts of marijuana use at some point in the past. This argument and variations have been examined and rejected by other districts, and we find no reason in the instant case to take a different approach. The presence of marijuana metabolites in a driver's urine in certain concentrations is presently prohibited by the legislature. As noted by the Sixth District Court of Appeals, "[w]hile this distinction may have merit, the legislature has nevertheless chosen to view all metabolite presence the same and to prohibit particular concentrations." *State v. Miller*, 6th Dist. Fulton No. F-10-009, 2010-Ohio-5175, ¶ 17 [finding R.C. 4511.19(A)(1)(j)(viii)(II) is not unconstitutionally vague.]

{¶19} In *State v. Ossege,* 2014-Ohio-3186, 17 N.E.3d 30 (12th Dist.), the appellant argued R.C. 4511.19(A)(1)(j)(viii)(II) is unconstitutional due to its conclusive presumption that one is "under the influence" by virtue of the presence of a marihuana

metabolite which may not have any "relationship to being under the influence of, or being impaired by the use of marihuana." In *Ossege*, the Twelfth District reviewed with approval the decision of the First District Court of Appeals in *State v. Whalen*, 1st Dist., 2013-Ohio-1861, 991 N.E.2d 738:

> The First District Court of Appeals recently considered and rejected arguments similar to those now presented by Ossege. *State v. Whalen*, 1st Dist., 2013-Ohio-1861, 991 N.E.2d 738. In *Whalen*, appellant pled no contest to operating a motor vehicle with at least 35 nanograms of marihuana metabolite in his urine in violation of R.C. 4511.19(A)(1)(j)(viii)(II). Appellant also filed a motion to suppress, arguing R.C. 4511.19(A)(1)(j)(viii)(II) was unconstitutional. Although appellant's arguments were couched in terms of vagueness and overbreadth, the court noted his "real quibble seems to be with the legislative decision to criminalize driving based upon the presence of a marihuana metabolite that may not itself cause impairment." *Whalen* at ¶ 16. In rejecting appellant's constitutional challenges, the First District stated:
>
> [T]he presence of a marihuana metabolite in one's system indicates that one has used marihuana, an illegal drug in Ohio. Furthermore, THC, the active ingredient in marihuana, leaves the body relatively quickly. Unlike the case with Breathalyzer tests, which are commonly administered by police during roadside stops, it may take some time before police are able to transport and administer a

blood or urine test to a suspected drugged driver. Accordingly, the legislative decision to include marihuana metabolites within the per se prohibition is not unreasonable.

*Whalen* at ¶ 16.

We agree with the First District and find the legislature's decision to include marihuana metabolites within the per se prohibitions of R.C. 4511.19 is not unreasonable. *Id.* The General Assembly has made it illegal to not only operate a vehicle under the influence of alcohol or a drug of abuse, but also to operate a vehicle with a proscribed level of alcohol or a drug of abuse in one's system. *See* R.C. 4511.19; *State v. Mayl,* 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 18. R.C. 4511.19(A)(1)(b)-(j) and (B), the "per se" offenses, prohibit the operation of a motor vehicle with certain concentrations of alcohol and/or drugs of abuse in a person's blood, breath, or urine. *See State v. Davenport,* 12th Dist. Fayette No. CA2008–04–011, 2009-Ohio-557, 2009 WL 295397, ¶ 11, fn. 2. R.C. 4511.19(A)(1)(j)(viii)(II), like the other per se offenses, simply defines the point at which the legislature has determined an individual cannot drive without posing a substantial danger, not only to himself, but to others. *See State v. Barrett,* 12th Dist. Butler No. CA2003–10–261, 2004-Ohio-5530, 2004 WL 2340658, ¶ 15, citing *Newark v. Lucas,* 40 Ohio St.3d 100, 103, 532 N.E.2d 130 (1988). Contrary to Ossege's arguments, the General

Assembly was well within its police powers to set a prohibited amount of marihuana, an illegal substance in Ohio, which may be in one's system while operating a vehicle, and consequently criminalize driving with more than 35 nanograms of marihuana metabolites in one's system. Driving is a privilege rather than a constitutional right, and the state has a legitimate interest in highway safety and keeping impaired drivers off the road. *State v. Tanner,* 15 Ohio St.3d 1, 3, 472 N.E.2d 689 (1984); *see also Whalen* at ¶ 17.

{¶20} Appellant argues the marijuana-metabolite per se statute violates equal protection guarantees under the United States and Ohio constitutions. In an equal protection claim, government actions that affect suspect classifications or fundamental interests are subject to strict scrutiny by the courts. *Eppley v. Tri–Valley Local School Dist. Bd. of Edn.,* 122 Ohio St .3d 56, 2009–Ohio–1970, ¶ 14. In the absence of a suspect classification or fundamental interest, the state action is subject to a rational basis test. *Id.* Under the rational basis test, we will uphold the statute if it bears a rational relationship to a legitimate governmental interest. *Adamsky v. Buckeye Local School Dist.,* 73 Ohio St.3d 360, 362 (1995).

{¶21} Appellant acknowledges that the rational-basis standard of review applies, and that the state of Ohio has a legitimate interest in highway safety and keeping impaired drivers off the road. She argues, though, that the marijuana-metabolite per se statute does not bear a rational relationship to Ohio's interest in highway safety because there is no scientifically proven link between the type of marijuana metabolite found in appellant's urine and impairment which puts other persons on the road and society at large at risk.

{¶22} Pursuant to the rational-basis test, the statute survives constitutional scrutiny if it is reasonably related to implementation of a legitimate government interest. *State v. Lowe,* 112 Ohio St.3d 507, 2007–Ohio–606, ¶ 18. It is well-established in Ohio, and appellant fully acknowledges, that the prohibition of impaired driving is reasonably related to effectuate government interest in reducing hazard presented to the travelling public and the greater community of harm. *Columbus v. Brown,* 10th Dist. No. 05AP–344, 2005–Ohio–6102, ¶ 11.

{¶23} We are unwilling to agree with appellant's underlying premise that the prohibition against concentrations of marijuana metabolite is not reasonably related to the state's interest in protecting people on the road.  In *State v. Topolosky*, 10th Dist. Franklin No. 15AP-211, 2015-Ohio-4963, at ¶ 33, the appellant made the same argument: there is no proven link between the specific type of marijuana metabolite found in the appellant's urine and an actual impairment of driving ability that would create a danger to other drivers and society in general.  The Tenth District concluded that regardless of that premise, the statute does not violate constitutional guarantees of equal protection or due process:

> The legislature has selected, as the discriminating factor in a determination of presumed impairment under the marijuana OVI per se statute, a level of metabolite defining the point at which the best evidence before the legislature indicated that an individual cannot operate a motor vehicle without posing a substantially increased risk of harm. *State v. Ossege,* 12th Dist. No. CA2013–11–086, 2014–Ohio–3186, ¶ 33, fn. 4. Again, Topolosky has presented no expert

testimony to rebut the legislature's articulated and supported conclusion that marijuana use results in impaired driving and metabolites reflect an impairing level of marijuana use by the person testing at or above the statutory threshold. While Topolosky discusses foreign-state cases disagreeing with this proposition to varying degrees, the conclusions of other courts on disputed factual issues do not bear the same persuasive weight as legal discussions and rationales.

{¶24} We find no reason to reach a different result in the instant case. Further, the appellant in *Topolosky* cited the same Michigan and Arizona cases as appellant in the case sub judice, but the Tenth District found both cases distinguishable and inapplicable to the Ohio statute. 2015-Ohio-4963 at ¶ 39.

{¶25} For the foregoing reasons, we agree with those district courts of appeal which have found that the marijuana metabolite per se statute is not unconstitutional on equal protection or due process grounds. Appellant's sole assignment of error is thus overruled.

**CONCLUSION**

{¶26} Appellant's sole assignment of error is overruled and the judgment of the Mount Vernon Municipal Court is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.